618 So.2d 351 (1993)
Ronald TROWELL, Appellant,
v.
Carla Jean MEADS, Appellee.
No. 92-3292.
District Court of Appeal of Florida, First District.
May 17, 1993.
Wayne H. Basford, Patient Legal Services, Florida State Hosp., Chattahoochee, for appellant.
No appearance for appellee.
PER CURIAM.
Appellant seeks review of a "permanent restraining order" entered against him in response to a "petition for injunction on [sic] domestic violence" filed by appellee, his former wife, pursuant to section 741.30, Florida Statutes (Supp. 1992). Appellant argues that, as a matter of law, appellee failed to present evidence sufficient to establish her entitlement to relief pursuant to that statute. We agree and, accordingly, reverse.
The trial court based its order upon the conclusion that appellant "committed an assault upon [appellee] over the telephone, notwithstanding the fact that he is involuntarily committed at the Florida State Hospital in Chattahoochee, Florida, and is not at liberty to leave said place of confinement." "Assault" is defined as "an intentional, unlawful threat by word or act to do violence to the person of another, coupled with an apparent ability to do so, and doing some act which creates a well-founded fear in such other person that such violence is imminent." § 784.011(1), Fla. Stat. (1991). No evidence was presented from which one might conclude that any of the elements of an assault had been established. Likewise, no evidence was presented from which one might conclude that appellee was the victim of, or had "reasonable cause to believe ... she [was] about to become the victim of any [other] act of domestic violence," as *352 that term is defined in section 741.30(1)(a). § 741.30(2)(a), Fla. Stat. (Supp. 1992). Therefore, it was error to enter the "permanent restraining order." See Johnson v. Brooks, 567 So.2d 34 (Fla. 1st DCA 1990).
REVERSED.
JOANOS, C.J., and MINER and WEBSTER, JJ., concur.