662 So.2d 1328 (1995)
Elvira REY, Appellant,
v.
jose A. PEREZ-GURRI, Appellee.
No. 94-3029.
District Court of Appeal of Florida, Third District.
November 8, 1995.
*1329 Carmen M. Morales and Shari L. McCartney, Miami, for appellant.
Catherine J. MacIvor, Ft. Lauderdale, for appellee.
Before BARKDULL, BASKIN and LEVY, JJ.

CORRECTED OPINION
PER CURIAM.
Elvira Rey appeals an order dissolving a temporary injunction and denying her petition for permanent injunction against Dr. Jose A. Perez-Gurri, her former husband. We reverse.
On September 15, 1994, Rey filed a Petition for Protection Against Domestic Violence pursuant to section 741.30, Florida Statutes (Supp. 1994). She alleged that
On September 14, 1994, [her former husband] told [her] to the (sic) read the article in the Miami Herald. [He] was making reference to the article of the murdersuicide that took place in Hialeah on September 13, 1994. [She] states that [he] told her "Read it, because that is what is going to happen to you." Metro-Dade Police case # 479259-P. [She] states that in the past, while they were married [he] would physically abuse her by pulling her hair, slamming her head against the wall and locking her in the closet for hours. [She] states that [her former husband], on three occasions pointed a gun at her and threatened to kill her. Also, in 1992, [he] attempted to run her over with his car. [She] states that at this time she is in fear for her safety because [his] behavior is erratic and she truly feels he will fulfill his threat to kill her.
Based on these allegations, the court issued an ex parte temporary injunction for protection on September 15. The court conducted several hearings on Rey's petition for a permanent injunction. The court also extended the temporary injunction during this time period. At a hearing, Rey described the incident when Perez-Gurri told her to read the newspaper article about the Hialeah woman who was killed by her husband despite a domestic violence injunction. He told her "that was going to happen to her." She also testified as to incidents when Perez-Gurri tried to run her over with his car and three incidents when Perez-Gurri held a gun to her head. Perez-Gurri denied all of the allegations; however, he did admit that he had a drug-dependency problem in the past. Finding that petitioner "failed to prove that Respondent had the apparent ability to carry out the threats he allegedly made toward the Petitioner," the trial court dissolved the temporary injunction and denied her petition.
*1330 In support of reversal, Rey argues that section 741.30 does not require that she establish the elements of assault and, assuming that such proof is required, she has fulfilled the requirements. In response, Perez-Gurri argues that Rey failed to present the requisite proof of an assault. We disagree with Perez-Gurri's contention that Rey must establish that he has committed an assault before she becomes entitled to protection under the statute. Section 741.30(1)(a) provides
There is created a cause of action for an injunction for protection against domestic violence.
Any person described in paragraph (e), who ... has reasonable cause to believe he or she is about to become the victim of any act of domestic violence, has standing in the circuit court to file a sworn petition for an injunction against domestic violence.
"Domestic violence" is defined, in pertinent part, as any assault of a former spouse by a former spouse. § 741.28(1), (2), Fla. Stat. (Supp. 1994).
The record demonstrates that Rey is entitled to an injunction against Perez-Gurri under this section. The plain language of the statute does not require a petitioner to demonstrate that he or she has been a victim of domestic violence, i.e. an assault.[1] It merely requires Rey to demonstrate that she has reasonable cause to believe that she is about to become a victim of domestic violence. Rey has presented such proof. Perez-Gurri's most recent threat in light of his prior violent and threatening behavior constitutes sufficient evidence of reasonable cause. See Campbell v. Campbell, 584 So.2d 125 (Fla. 4th DCA 1991). Unlike the former husband in Trowell v. Meads, 618 So.2d 351 (Fla. 1st DCA 1993), who was involuntarily committed to a state mental hospital at the time he threatened his former wife, Perez-Gurri had the ability to carry out his threat. In this case, Perez-Gurri is a practicing physician who has visitation rights with the parties' two young children; he owned a gun as recently as four or five months before the October 7 hearing;[2] and he has demonstrated an ability to access and wield guns against Rey in an aggressive manner in the past. Accordingly, we reverse the order and remand the cause for entry of a permanent injunction in accordance with section 741.30.
Reversed and remanded.
NOTES
[1] The Staff Analysis and Economic Impact Statement on section 741.30 states that the bill does "[n]ot require that an assault, battery or sexual battery on a spouse have actually occurred before the victim could obtain a restraining order. Under the bill, if a potential victim has `reasonable cause' to believe that she will become a victim, then an appropriate order may be entered by the court." Fla.S.Comm. on Jud.-Civ., CS for SB 376 (1986) Staff Analysis 2 (May 5, 1986) (on file with comm.) (emphasis in original).
[2] At the hearing, he stated that he "got rid of them about four or five months prior." He did not state whether he was referring to the hearing date. At a subsequent hearing, he stated that the last time he owned a gun was March 1994.