697 So.2d 222 (1997)
John J. SPIEGEL, Appellant,
v.
Karen J. HAAS, Appellee.
No. 97-585.
District Court of Appeal of Florida, Third District.
July 30, 1997.
*223 James K. Beckham, Miami, for appellant.
Lorraine C. Holmes, Miami, for appellee.
Before COPE, GREEN and SORONDO, JJ.
GREEN, Judge.
The former husband, John J. Spiegel, appeals an order extending a permanent injunction for protection against domestic violence pursuant to section 741.30(6)(b), Florida Statutes (1995) in favor of Karen J. Haas, the former wife. We vacate the order and remand for further proceedings.
On January 22, 1996, following an evidentiary hearing, the former wife received a permanent injunction restraining the former husband from, among other things, committing any acts of domestic violence against her for a period of one year. Prior to the expiration of this injunction, the former wife filed a verified motion for a one year extension of the injunction pursuant to section 741.30(6)(b) which provides in pertinent part that:
Any relief granted by the injunction shall be granted for a fixed period not to exceed 1 year, unless upon petition of the victim the court extends the injunction for successive fixed periods not to exceed 1 year. Broad discretion resides with the court to grant an extension after considering the circumstances. No specific allegations are required....
In support of her motion, the former wife averred that since the entry of the original injunction a series of events had transpired to make her continuously fearful of the former husband. The former wife obtained an ex parte hearing on her motion to extend the injunction and the same was granted in an order dated February 5, 1997. Upon learning of this ex parte order, the former husband filed a verified emergency motion to vacate and dissolve the same.
The former husband's motion to vacate was subsequently heard by the lower court which was not the same trial court which entered the original injunction. At the conclusion of the hearing, the court below found that although nothing had transpired between these parties within the past year to indicate that the former husband had violated the terms of the original injunction, or to raise fear in the mind of a reasonable person that the former husband posed a threat to the former wife, the court felt that it was nevertheless constrained to exercise its discretion to extend the injunction where the former wife professed continued fear of the former husband and where no specific allegations of violence are necessary under section 741.30(6)(b) for an extension of the injunction. Contrary to the lower court's construction of this statute, we conclude that the lower court was not necessarily required to extend this permanent injunction if it determined from all of the circumstances that *224 there was no longer a reasonable basis for the former wife's continued fear of the former husband.
We note that pursuant to section 741.30(1)(a), a cause of action for an injunction for protection against domestic violence has been created for any person who is the victim of any act of domestic violence, or has reasonable cause to believe that he or she may become the victim of any act of domestic violence. Under the plain language of this statute, it is not necessary for the petitioner to demonstrate that he or she has been the victim of domestic violence; it merely requires the petitioner to demonstrate that he or she has reasonable cause to believe that he or she may become the victim of domestic violence. See Baumgartner v. Baumgartner, 691 So.2d 488, 489 (Fla. 2d DCA 1997); Rey v. Perez-Gurri, 662 So.2d 1328, 1330 (Fla. 3d DCA 1995), review denied, 675 So.2d 121 (Fla.1996).
Section 741.30(6)(b) vests the trial court with broad discretion to thereafter extend the permanent injunction for up to one year even in the absence of specific allegations of abuse after "considering the circumstances." Since the initial permanent injunction is not obtainable absent a showing of an actual act of domestic violence or a reasonable fear of future violence, we construe section 741.30(6)(b) to mean that an extension of the permanent injunction likewise requires the showing of an actual act of violence or continuing reasonable fear on the part of the petitioner that an act of domestic violence is likely to occur or reoccur in the future. In making its decision as to whether a permanent injunction should be extended, we believe that section 741.30(6)(b) requires a court to determine whether the petitioner's professed continuing fear of the respondent is reasonable based upon all of the circumstances. Moreover, contrary to the former husband's argument, we do not believe that section 741.30(6)(b) confines the court to examining only the circumstances between the parties for the preceding year. The trial court may indeed consider the circumstances which initially led to the imposition of the permanent injunction as well to determine whether the petitioner's continuing fear of future violence is reasonable.
Thus, in light of the fact that we believe that the lower court misconstrued its discretionary powers granted under section 741.30(6)(b), we vacate the order under review and remand for further proceedings consistent with this opinion.