PER CURIAM.
Petitioner, former wife, seeks the issuance of a writ of mandamus compelling the trial court to conduct further proceedings for a determination of whether her expired permanent domestic violence injunction should be extended pursuant to section 741.30(6)(b), Florida Statutes (1995), in accordance with this court’s opinion and mandate rendered in Spiegel v. Haas, 697 So.2d 222 (Fla. 3d DCA 1997).
In that opinion we found the trial court had “misconstrued its discretionary powers under section 741.30(6)(b)” and reversed and vacated the extension of the injunction. Additionally, we directed the trial court to “vacate the order under review and remand for farther proceedings consistent with this opinion.” (emphasis added). On remand, the trial court initially scheduled an evidentiary hearing for September 5, 1997. On September 3, 1997, however, the trial court cancelled the evidentiary hearing and simply entered an order vacating and dissolving the extension of the injunction. The former wife argues that the court was required to conduct further proceedings and files this writ of mandamus to compel the trial court to follow this court’s mandate and decision *540 and conduct further proceedings. We agree.
“When an appellate court’s mandate issues, compliance by the lower court with that mandate is a purely ministerial act.” Straley v. Frank, 650 So.2d 628, 628 (Fla. 2d DCA 1994); see also State ex. rel. Price v. McCord, 380 So.2d 1037, 1039 (Fla.1980) (an appellate court’s issuance of a mandate is a ministerial act which may properly be compelled by a writ of mandamus). Furthermore, mandamus is a proper remedy to compel a court to exercise its discretion and decide a cause. See Calhoun v. Christie, 510 So.2d 1000,1000 (Fla. 3d DCA 1987).
Our opinion contemplated that the parties would have an opportunity to offer evidence of the circumstances which led to the issuance of the original injunction. The court may, of course, consider the transcript of the earlier proceeding, if any. Therefore, we vacate the order dissolving the injunction and instruct the trial court to conduct further proceedings consistent with our opinion in Spiegel v. Haas. Accordingly, Haas’ petition for writ of mandamus is granted. Because we trust and believe that the trial court will comply with this decision, we withhold issuance of the writ at this time.