709 So.2d 189 (1998)
Barry PATTERSON, Appellant,
v.
Paul J. SIMONIK, Appellee.
No. 97-2339.
District Court of Appeal of Florida, Third District.
April 29, 1998.
Laurie D. Hall, for appellant.
*190 Hershoff, Lupino, DeFoor & Gregg and Mark E. Kohl, Tavernier, for appellee.
Before COPE, FLETCHER and SORONDO, JJ.
COPE, Judge.
Barry Patterson appeals an order extending an injunction for protection against repeat violence. We remand for a new hearing.
In 1996, plaintiff-appellee Paul J. Simonik obtained an injunction for protection against repeat violence against defendant-appellant Barry Patterson. Under the applicable statute, the injunction was entered for a period of one year. See § 784.046(7)(c), Fla. Stat. (1995).
In 1997, plaintiff moved for an extension of the injunction for an additional year. See id. At the hearing, the trial court ruled in substance that once the original injunction had been issued, the plaintiff would be entitled to automatic extensions should the plaintiff so request. The court granted the one-year extension. Defendant has appealed.
Several months after the trial court's decision, this court issued its opinion in Spiegel v. Haas, 697 So.2d 222 (Fla. 3d DCA 1997). In considering the similar (although not identical) statute regulating domestic violence injunctions under section 741.30, Florida Statutes (1995), this court ruled that the one-year extensions were not automatic. This court said:
Contrary to the lower court's construction of this statute, we conclude that the lower court was not necessarily required to extend this permanent injunction if it determined from all of the circumstances that there was no longer a reasonable basis for the former wife's continued fear of the former husband.
We note that pursuant to section 741.30(1)(a), a cause of action for an injunction for protection against domestic violence has been created for any person who is the victim of any act of domestic violence, or has reasonable cause to believe that he or she may become the victim of any act of domestic violence. Under the plain language of this statute, it is not necessary for the petitioner to demonstrate that he or she has been the victim of domestic violence; it merely requires the petitioner to demonstrate that he or she has reasonable cause to believe that he or she may become the victim of domestic violence....
Section 741.30(6)(b) vests the trial court with broad discretion to thereafter extend the permanent injunction for up to one year even in the absence of specific allegations of abuse after "considering the circumstances." Since the initial permanent injunction is not obtainable absent a showing of an actual act of domestic violence or a reasonable fear of future violence, we construe section 741.30(6)(b) to mean that an extension of the permanent injunction likewise requires the showing of an actual act of violence or continuing reasonable fear on the part of the petitioner that an act of domestic violence is likely to occur or reoccur in the future. In making its decision as to whether a permanent injunction should be extended, we believe that section 741.30(6)(b) requires a court to determine whether the petitioner's professed continuing fear of the respondent is reasonable based upon all of the circumstances. Moreover, contrary to the former husband's argument, we do not believe that section 741.30(6)(b) confines the court to examining only the circumstances between the parties for the preceding year. The trial court may indeed consider the circumstances which initially led to the imposition of the permanent injunction as well to determine whether the petitioner's continuing fear of future violence is reasonable.
Thus, in light of the fact that we believe that the lower court misconstrued its discretionary powers granted under section 741.30(6)(7), we vacate the order under review and remand for further proceedings consistent with this opinion.
697 So.2d at 223-24 (citations omitted).
We conclude that the logic of Spiegel applies to repeat violence injunctions as well. The trial court cannot be faulted for taking the position it did, since the Spiegel case was *191 not announced until several months after the hearing in this case took place.
We reverse the extension order and remand for a new hearing in light of Spiegel. In deciding whether to extend the injunction, the trial court may consider the circumstances leading to the imposition of the original injunction, as well as subsequent events, in determining whether the injunction should be extended.[*]
As a corollary, the defendant is entitled to take the plaintiff's deposition with regard to the petition for extension. The trial court's protective order preventing such deposition is also reversed.
Reversed and remanded for further proceedings consistent herewith.
NOTES
[*] We note that effective October 1, 1997, both the repeat violence and domestic violence statutes have been changed so that injunctions are not time limited and will continue in place until there is a motion to dissolve. See ch. 97-155, § 8, at 2982, Laws of Fla. (codified at § 786.046(7)(c), Fla. Stat. (1997)); id. § 5, at 2976 (codified at § 741.30(7)(b), Fla. Stat. (1997)).