PER CURIAM.
Patrick M. Farrell appeals the order entered by the trial court issuing a permanent injunction for protection against domestic violence. We reverse because the facts alleged and proved by appellee, Gisselle Marquez, do not support the conclusion that she had reasonable cause to believe she was in imminent danger of becoming the victim of domestic violence; therefore, entry of the injunction was improper.
Section 741.30 of the Florida Statutes (1997) authorizes trial courts to enter injunctions to prevent domestic violence. The statute provides, among other things, that a person “who is the victim of any act of domestic violence, or has reasonable cause to believe he or she is in imminent danger of becoming the victim of any act of domestic violence, has standing in the circuit court to file a sworn petition for an injunction for protection against domestic violence.” § 741.30(l)(a), Fla. Stat. (1997). A permanent injunction for protection against domestic violence can be entered when the petitioner demonstrates reasonable cause to believe that he or she is about to become a victim of domestic violence. See Rey v. Perez-Gurri, 662 So.2d 1328 (Fla. 3d DCA 1995), rev. denied, 675 So.2d 121 (Fla.1996).
Here, Ms. Marquez filed a petition for protection against domestic violence against her former husband Mr. Farrell. The trial court conducted a hearing on the petition. At the hearing, no evidence was adduced that Mr. Farrell had physically harmed or threatened to harm Ms. Marquez. In fact, the allegations set forth in the petition and the testimony submitted during the hearing were limited to descriptions of encounters Ms. Marquez had with Mr. Farrell on the University of Central Florida campus where both parties were students.
First, Ms. Marquez testified that she discovered Mr. Farrell’s car parked next to her car in the school parking lot; however, there was no evidence that she saw him in the car or that the car in any way obstructed access to her car. She also testified that she saw Mr. Farrell three times in a school building in which they both take classes. On one occasion, Mr. Farrell greeted her as they passed each other at school. On another occasion, he offered her a birthday card as she left the building, but she just “kept walking.” The third meeting occurred in a classroom where both had attended a lecture on medical school admissions. Following the lecture, many students gathered at the front of the room to speak with the lecturer and to pick up written materials. Ms. Marquez walked toward Mr. Farrell attempting to cut through the crowd and leave. She stated that when Mr. Farrell did not move out of her way she reacted by pushing him out of the way with her bookbag. On cross-examination, she admitted that people were on both sides of Mr. Farrell, and it was impossible for him to move.
At the conclusion of the hearing, the trial court stated that both parties were enjoined “from courses of conduct ... intended to intimidate, harass, inflame, or embarrass the other party.” The trial court then entered a written order imposing a permanent injunction against Mr. Farrell, ordering him to enroll in a certified batterer’s intervention program. We *415 conclude that the evidence contained in the instant record does not support the conclusion that Ms. Marquez had “reasonable cause to believe ... she [was] in imminent danger of becoming the victim of any act of domestic violence.” § 741.30(l)(a), Fla. Stat. (1997). Accordingly, the trial court lacked the authority to enter an injunction.
REVERSED.
ANTOON, C.J., HARRIS and PETERSON, JJ., concur.