PALMER, J.
Ginny L. Sheehan (“wife”) appeals the trial court’s orders denying her motions for an extension of time on a previously entered domestic violence injunction[1] and for temporary alimony. We affirm.
The record indicates that this case began when the wife filed a petition in the trial court seeking an injunction for protection against domestic violence, naming her husband, Edward Sheehan, as the perpetrator. The trial court granted the petition and entered a temporary injunction, effective for six months. Shortly before the expiration of the six-month time period, the wife filed a motion seeking an extension of the injunction. In the motion, the wife claimed that an extension was necessary because she was “still in fear for her safety from her husband”. The trial court conducted a hearing on the motion. Upon review, the trial court denied the motion as being legally insufficient, ruling, in pertinent part, that: ‘Wife’s motion does not allege any new act of violence toward her since the entry of the injunction”. The wife challenges this ruling claiming that her motion was sufficient.
Section 741.30(6)(b) of the Florida Statutes (2001) authorizes the imposition of an injunction against domestic violence as follows:
741.30. Domestic violence; injunction; powers and duties of court and clerk; petition; notice and hearing; temporary injunction; issuance of injunction; statewide verification system; enforcement
[[Image here]]
(6)(b) The terms of an injunction restraining the respondent under subparagraph (a)l. or ordering other relief for the protection of the victim under subparagraph (a)7. shall remain in effect until modified or dissolved. *525 Either party may move at any time to modify or dissolve the injunction. No specific allegations are required. Such relief may be granted in addition to other civil or criminal remedies.
§ 741.30(6)(b), Fla. Stat. (2001) (emphasis added). While Sheehan is correct that the statute does not specifically require any allegation of a new act of violence, in Patterson v. Simonik, 709 So.2d 189 (Fla. 3d DCA 1998), the Third District construed the statute as follows:
In making its decision as to whether a permanent injunction should be extended, we believe that section 741.30(6)(b) requires a court to determine whether the petitioner’s professed continuing fear of the respondent is reasonable based upon all of the circumstances.
Id. at 190. We adopt this reasoning as our own. Accordingly, in order to obtain an extension of a domestic violence injunction, the moving party must present evidence from which a trial court can determine that a continuing fear exists and that such fear is reasonable, based on all the circumstances. See also Giallanza v. Giallanza, 787 So.2d 162 (Fla. 2d DCA 2001)(holding that when moving for an extension of a pre-existing injunction against domestic violence, the petitioner must establish either that additional domestic violence has occurred or that, at the time the petition for an extension is filed, he or she has a continuing fear of being in imminent danger of becoming the victim of domestic violence). Here, since the record o appeal is devoid of any showing that the wife sustained her burden of proving that she had a reasonable continuing fear of domestic violence, denial of her motion was warranted.[2]
As to the wife’s claims of error relating to the trial court’s order denying her request for temporary alimony, we affirm this order, having found no reversible error.
The wife filed a motion requesting an award of temporary alimony and the trial court conducted a hearing thereon. During the hearing the parties presented evidence as well as argument of counsel. Upon review, the trial court summarily denied the motion but instructed the husband to pay the parties’ mortgage and automobile insurance.
The wife challenges this ruling, arguing that it is unsupported by the evidence. We disagree. While we agree the evidence presented by the parties was limited, the wife had the burden of presenting competent evidence to support her request, but failed to do so. Having failed to sustain her burden, the trial court properly denied her motion. See Powell v. Powell, 527 So.2d 260 (Fla. 3d DCA 1988)(holding that the trial court did not abuse its discretion in refusing to extend alimony payments beyond ten-year period provided for in settlement agreement, which was incorporated into judgment of dissolution, where wife failed to sustain her burden of showing substantial and material change in circumstances to justify extension).
Having rejected as meritless all of the wife’s claims of error, we affirm.
AFFIRMED.
SHARP, W. and PLEUS, JJ., concur.

. See § 741.30(6)(b), Fla. Stat. (2001).

. The wife has failed to provide this court with a transcript of the hearing or a stipulation of facts as authorized under rule 9.200 of the Florida Rules of Appellate Procedure. See Powers v. Powers, 831 So.2d 724 (Fla. 5th DCA 2002)(explaining that an appellant has the burden to bring forward a record adequate to demonstrate reversible error because we presume the decision of a trial court to be correct).