KELLY, Judge.
Sandra Samanka appeals from the Final Judgment of Injunction For Protection Against Domestic Violence which extends and modifies an existing injunction. She argues that the trial court denied her due process by modifying the injunction without a hearing. We agree and reverse.
On April 11, 2002, Rose Marie Brook-houser petitioned the court for a temporary domestic violence injunction against her daughter, Sandra Samanka. The trial court granted the petition the same day and scheduled an evidentiary hearing on the petition. Following that hearing, the trial court entered a permanent injunction on May 14, 2002, which was to remain in effect for two years.[1]
*1191 Almost two years later, when the injunction was about to expire, Brookhouser filed a motion requesting that the injunction be extended. Without holding a hearing, the trial court granted the motion and entered an order captioned “(2nd Modification) Final Judgment of Injunction For Protection Against Domestic Violence Without Minor Children (After Notice).” This order extended the injunction indefinitely and amended some of its terms.
When Samanka was served with the modified injunction, she wrote to the trial judge explaining that after she received the motion for modification she expected to be notified of a court date, but no hearing was set. She claimed that there was no basis to extend the injunction and requested a hearing. The trial court denied Samanka’s request. This was error.
A nonmoving party must be afforded a hearing before an injunction may be amended. Mayotte v. Mayotte, 753 So.2d 609 (Fla. 5th DCA 2000); Brooks v. Barrett, 694 So.2d 38 (Fla. 1st DCA 1997). In this case, the trial court based the modified injunction entirely on the allegations in the motion. Samanka was not given an opportunity to challenge those allegations. Because Samanka has not had her “day in court,” she was denied due process. Accordingly, we reverse and remand for further proceedings.
Reversed and remanded.
FULMER and CASANUEVA, JJ„ Concur.

. We note that the trial court need not have set a date for the permanent injunction to *1191 expire. Section 741.30(6)(b), Florida Statutes (2001), states that permanent injunctions shall remain in effect until modified or dissolved. See Patterson v. Simonik, 709 So.2d 189, 191 n. 1 (Fla. 3d DCA 1998). However, the expiration date was not challenged at the time the injunction was entered, and therefore remained in effect.