PER CURIAM.
Juan Achurra (the husband) appeals a final judgment of injunction issued by the trial court to protect Esperanza Achurra (the wife) and the parties’ minor children from domestic violence. Given the lack of proof in the record to support the allegations in the petition on which the final judgment was based, we are constrained to reverse. Coe v. Coe, 39 So.3d 542 (Fla. 2d DCA 2010).
On March 31, 2011, Mrs. Achurra filed a sworn petition seeking an injunction for protection from domestic violence by Mr. Achurra, who was named the respondent. § 741.30(l)(a) & (3), Fla. Stat. (2010). The trial court issued an ex parte temporary injunction and scheduled an evidentiary hearing. § 741.30(5)(a), Fla. Stat. (2010). Mr. Achurra filed a response denying the material allegations made against him.
At the commencement of the petition hearing on Monday, April 18, 2011, Mrs. Achurra’s counsel asked the court to take judicial notice of a hearing held the previous Wednesday, April 13, in a separate case on a different matter, the parties’ dissolution of marriage proceeding. §§ 90.202-.204, Fla. Stat. (2010). Counsel requested time to- supplement the record with the transcript of the dissolution hear *1082 ing. The attorney explained that taking judicial notice of the other proceeding would avoid the presentation of redundant testimony in the domestic violence proceeding. The circuit judge stated that he had retained his notes of the prior week’s proceeding and announced his intent to review the other file and to allow the transcript from the earlier proceeding to be filed in the domestic violence injunction case. Mr. Achurra, who was not represented by counsel in the trial court, neither objected to the request to take judicial notice nor complained of a lack of prior notice. At the close of the domestic violence hearing, the court stated its intent to maintain the injunction until the pertinent investigations were concluded. Mr. Achurra denied that any criminal investigation was ongoing. The judge made no oral findings of fact to support his ruling. Subsequently, a different circuit judge issued the standard-form written final judgment of injunction against domestic violence that is the subject of this appeal.
Mr. Achurra challenges the final judgment on three grounds. First, he contends that the trial court erred by relying on pleadings, testimony, and any other evidence from the previous proceedings without properly taking judicial notice. Given Mr. Achurra’s failure to object to opposing counsel’s request and the court’s stated intent to take judicial notice, this issue was not properly preserved for appellate review, and we decline to consider it. Celentano v. Banker, 728 So.2d 244, 245-46 (Fla. 4th DCA 1998); DeLuca v. State, 384 So.2d 212, 212-13 (Fla. 4th DCA 1980) (holding that the failure to object to the admission of contested evidence waived the right to appellate review of the issue).
Second and third, Mr. Achurra argues that the trial court failed to make findings of fact to support its conclusions that he had committed an act of domestic violence or that Mrs. Achurra had a reasonable basis to believe that she or the children were in danger of becoming domestic violence victims; and that no competent substantial evidence would support entry of the final judgment of injunction. See Trowell v. Meals, 618 So.2d 351 (Fla. 1st DCA 1993) (supporting the proposition that without adequate findings supported by the record, a final judgment must be reversed). Our review of the trial court’s conclusion of law that the petitioner is entitled to a final judgment of injunction against domestic violence is de novo. Puskar v. Puskar, 29 So.3d 1201 (Fla. 1st DCA 2010).
The boilerplate final judgment includes no individualized findings of fact pertaining to this case. To the extent that Mr. Achurra challenges the lack of explanatory findings of fact relating to the statutory factors for determining entitlement to a final judgment of injunction for domestic violence, this issue was not preserved for appellate review, in that Mr. Achurra never brought this matter to the trial court to afford a reasonable opportunity to correct the deficiency. See Jonsson v. Dickinson, 46 So.3d 1016 (Fla. 1st DCA 2010); Mize v. Mize, 45 So.3d 49, 49 n. 1 (Fla. 1st DCA 2010); Owens v. Owens, 973 So.2d 1169 (Fla. 1st DCA 2007).
However, we can consider for the first time on appeal the “insufficiency of the evidence” issue. See Fla. R. Civ. P. 1.530(e); Welch v. Welch, 22 So.3d 153, 154 (Fla. 1st DCA 2009) (revised opinion on motions for withdrawal of opinion, clarification, reh’g, or reh’g en banc). Mrs. Achurra, the petitioner, had the initial burden to prove entitlement to relief. § 741.30(l)(a), Fla. Stat. (2010); Ambrefe v. Ambrefe, 993 So.2d 98, 98-99 (Fla. 2d DCA 2008). She presented no evidence, however, at the petition hearing. So far as we can tell, the trial court never received and considered a copy of the transcript of *1083 the April 13 proceedings of which it agreed to take judicial notice. Any admissible evidence that may have been presented in the April 13 transcript, which is not in the record on appeal, is unavailable to us. Thus, we review a final judgment of injunction against domestic violence that is not based on any competent substantial evidence of record. Bresch v. Henderson, 761 So.2d 449 (Fla. 2d DCA 2000); Gustafson v. Mauck, 743 So.2d 614, 615-16 (Fla. 1st DCA 1999) (on motion for reh’g) (supporting the proposition that for a final judgment to be affirmed, the record must demonstrate a sufficient basis for the conclusions of law).
We respect the gravity of the circumstances involved in any domestic violence proceeding, which implicates due process considerations. Furry v. Rickles, 68 So.3d 389 (Fla. 1st DCA 2011); Smith v. Smith, 964 So.2d 217 (Fla. 2d DCA 2007). Just as the petitioner has the right to allege and prove the grounds for injunc-tive protection at a full and fair evidentiary hearing, the respondent is entitled to a fair hearing and protection from the effects of a final judgment of injunction that lacks any evidentiary support. Samanka v. Brookhouser, 899 So.2d 1190 (Fla. 2d DCA 2005) (concluding that respondent daughter’s due process rights were violated when trial court extended and modified permanent injunction for protection against domestic violence, where challenged ruling was based entirely on mere allegations contained in petitioner mother’s motion for extension of injunction). Given the deficient record before us, we are constrained to REVERSE the final judgment of injunction.
BENTON, C.J., ROWE, and RAY, JJ., concur.