THOMAS, J.
Appellant appeals an injunction for protection against domestic violence without minor children, pursuant to section 741.30, Florida Statutes (2011). Appellant’s adult son, Justin Johns, filed a petition for injunction for protection against domestic violence. Because the trial court entered the injunction without first conducting a full evidentiary hearing pursuant to section 741.80 Florida Statutes (2011), Appellant was deprived of her fundamental constitutional right to procedural due process. We therefore reverse and remand for further proceedings.
“Just as the petitioner has the right to allege and prove the grounds for injunctive protection at a full and fair evi-dentiary hearing, the respondent is entitled to a fair hearing and protection from the effects of a final judgment of injunction that lacks any evidentiary support.” Achurra v. Achurra, 80 So.3d 1080, 1083 (Fla. 1st DCA 2012) (citing Samanka v. Brookhouser, 899 So.2d 1190 (Fla. 2d DCA 2005)). “To satisfy due process requirements at an injunction hearing, the parties must have a reasonable opportunity to prove or disprove the allegations made in the complaint.” Furry v. Rickles, 68 So.3d 389, 390 (Fla. 1st DCA 2011) (citing Ohrn v. Wright, 963 So.2d 298 (Fla. 5th DCA 2007)).
In the instant case, the trial court chose to conduct all of the questioning at the informal hearing, as neither party was represented by counsel. Appellee was allowed to testify and present witnesses, but Appellant was not provided the opportunity to testify about the allegations in the petition or present "witnesses. Although the trial court did allow Appellant to present some evidence, and noted the irrelevance of the majority of it in relation to the allegations, the court did not question Appellant about the allegations within the petition before entering the permanent injunction. The permanent injunction exposes Appellant to potential indirect criminal contempt or direct criminal charges if she violates the order and the charges are proven. The injunction also bars Appellant from having a firearm or ammunition in her care, custody, possession or control.
We recognize that trial courts have broad authority to control their courtrooms and their need to effectively manage hearings, especially when both sides are not represented by counsel. Both parties, however, must be afforded an opportunity to present their case. Because Appellant was denied her right to be heard before the trial court entered its judgment, we reverse and remand for a full evidentia-ry hearing.
REVERSE and REMANDED.
PADOVANO and CLARK, JJ., concur.