COHEN, J.
Appellant, Tyler Kirton, appeals from the amended final judgment granting an extension of an injunction for protection against repeat violence. On appeal, Kirton argues that the trial court abused its discretion in determining that Appellee, Chris McKissick’s continuing fear of violence by Kirton was reasonable. We disagree and affirm.
Kirton is currently married to McKis-sick’s ex-wife. In March 2012, McKissick obtained a final judgment of injunction for protection against repeat violence against *194 Kirton after Kirton physically attacked McKissick on two occasions. The injunction was set to expire on April 1, 2013, prompting McKissick to file a motion seeking to extend it. The trial court held an evidentiary hearing on the motion. The testimony revealed that Kirton was prosecuted for the initial battery upon McKis-sick and placed into a pretrial diversion program. Upon Kirton’s completion of the program, McKissick began receiving harassing phone calls at his home in the middle of the night.[1] McKissick also testified that, the week before the hearing, Kirton confronted McKissick’s current wife at a grocery store, calling her names and making an obscene gesture at her. After the hearing, the trial court extended the injunction until April 1, 2015.
On appeal, Kirton argues that the trial court erred in granting the extension because he had not committed additional acts of violence against McKissick during the pendency of the initial injunction. In fact, Kirton had no direct contact with McKis-sick during that time.
In determining whether to grant an extension of a repeat violence injunction, the trial court’s analysis is not limited to determining whether the respondent committed additional acts of violence during the pendency of the initial injunction. Rather, the appropriate analysis focuses on whether the petitioner’s professed continuing fear of future violence is reasonable under the circumstances. See Patterson v. Simonik, 709 So.2d 189, 190 (Fla. 3d DCA 1998).[2] In making this determination, the trial court looks to both the respondent’s conduct during the pendency of the injunction as well as the circumstances that led to the granting of the initial injunction. See id. at 191.
While we acknowledge that this case presents a close call, we conclude that the trial court did not abuse its discretion in granting the requested extension. Although neither the grocery store incident nor the late night phone calls alone would justify the granting of an injunction, the trial court acted within its discretion in determining that the timing of those incidents, coupled with Kirton’s prior violent behavior, gave McKissick a reasonable fear of future violence. See id.; see also Giallanza v. Giallanza, 787 So.2d 162, 164 (Fla. 2d DCA 2001).
We find the remaining issue raised to be without merit. Accordingly, we affirm.
AFFIRMED.
TORPY, C.J., and ORFINGER, J., concur.

. Those phone calls were answered by McKis-sick's current wife, who could not identify the caller.

. We agree with the Third District's view, as set forth in Patterson, that the standard applied in determining whether to extend a domestic violence injunction is equally applicable in the repeat violence injunction setting.