IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

SAMUEL PARISE,

      Appellant,

v.

SALLY SELPH,

      Appellee.

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D14-3037

**CORRECTED PAGES: pg 1**
**CORRECTION IS UNDERLINED IN RED**
**MAILED: October 13, 2015**
**BY: NMS**

_____/

Opinion filed October 12, 2015.

An appeal from the Circuit Court for Nassau County.
Robert M. Foster, Judge.

Bryan S. Gowdy of Creed & Gowdy, P.A., and <u>Jennifer Shoaf Richardson of Boyd & Jenerette,</u> Jacksonville, for Appellant.

Sally Selph, pro se, Appellee.

PER CURIAM.

      Samuel Parise appeals a final judgment granting an injunction for protection against repeat violence based on a petition by Sally Selph. We reverse the injunction because Mr. Parise was not given a full opportunity to present evidence in opposition to the petition for injunction, including the testimony of his law enforcement officer witness.

We recognized in <u>Furry v. Rickles</u> that "[p]arties are entitled to a full hearing prior to the trial court issuing a permanent injunction." 68 So. 3d 389, 390 (Fla. 1st DCA 2011) (citing § 741.30, Fla. Stat.). At an injunction hearing, due process requires that the parties have a reasonable opportunity to prove or disprove the allegations made in the complaint, including "allowing relevant testimony of pertinent, noncumulative witnesses who are present and cross-examination of the parties." <u>Id.</u> (citing <u>Ohrn v. Wright</u>, 963 So. 2d 298 (Fla. 5th DCA 2007)). <u>See also</u> § 784.046 (6)(a), Fla. Stat. (permitting grant of temporary ex parte injunction "pending a full hearing"). At the short evidentiary hearing held in this matter, Mr. Parise requested on the record to present one witness, a law enforcement officer who had "dealt with this situation before." The request was denied without even permitting Mr. Parise time to explain or proffer what the officer's testimony would address. We conclude that Mr. Parise was not afforded the due process associated with a full hearing, and therefore reverse the injunction and remand for a new hearing on the petition. <u>See also</u> <u>Snead v. Ansley</u>, 160 So. 3d 952, 953 (Fla. 1st DCA 2015).

REVERSED AND REMANDED.

ROBERTS, C.J., WETHERELL, and OSTERHAUS, JJ., CONCUR.