PER CURIAM.
Appellant, Stephen Mantell, appeals a final judgment of injunction for protection against domestic violence. Because no evidence or testimony was introduced by Appellee, Karen Rocke, in support of her petition for an injunction, we are constrained to reverse. See Achurra v. Achurra, 80 So.3d 1080, 1082-83 (Fla. 1st DCA 2012) (reversing a domestic violence injunction where the petitioner, who had the initial burden to prove entitlement to relief, presented no evidence at the petition hearing and the trial court never received or .considered a copy of the transcript of earlier proceedings between the parties and explaining that a respondent is entitled to a fair hearing and .protection from the . effects of a final judgment of injunction that lacks any evidentiary support). In doing , so, , we note that even if Appellee, had provided testimony during the injunction hearing that was in line with her allegations that Appellant twice drove by her home .and told her that it was a free country flve-and-a-half years after committing felony assault upon her, we would still be constrained to reverse the injunction, See § 741.30(1)(a), Fla. Stat. (2014) (providing that a person who is either the victim of domestic violence or has “reasonable cause to believe he or she is in imminent danger of becoming the victim of any act of domestic violence” has standing to fíle a petition for an injunction against domestic violence) (emphasis added); Randolph v. Rich, 58 So.3d 290, 291 (Fla. 1st DCA 2011) (explaining that while a petitioner does not have to wait for abuse to occur in order to seek an injunction under section 741.30, the law requires that a party seeking an injunction present sufficient evidence to establish the objective reasonableness of his or her fear that the danger of violence is imminent); Gill v. Gill, 50 So.3d 772, 774 (Fla. 2d DCA 2010) (“[A]n isolated incident of domestic violence that occurred years before a petition for injunction is filed will not usually support the issuance of an injunction in the absence of additional current allegations.”); Malchan v, Howard, 29 So.3d 453, 454-55 (Fla. 4th DCA 2010) (reversing the injunction against domestic violence and noting that the only basis for requesting the in *513 junction was a disputed incident three years before and a subjective fear on the mother’s part that her anticipated request for child support might cause-the appellant to become angry and that there had been no violence or threat of-violence in the past three years).
REVERSED.
LEWIS, THOMAS, and ROWE, JJ., concur.