IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

VERNON RAY NEWSOM, JR.,

Appellant,

v.

KAREN NEWSOM,

Appellee.

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D16-4239

_____/

Opinion filed July 6, 2017.

An appeal from the Circuit Court for Nassau County.
Robert M. Foster, Judge.

Michael M. Giel of Giel Family Law, P.A., Jacksonville, for Appellant.

No appearance for Appellee.

PER CURIAM.

The parties were divorced in 2011. In 2016, the appellee/former wife filed a petition for a domestic violence injunction against the appellant/former husband alleging he had threatened to kill her and had disparaged her to their daughter. The parties were duly noticed of the hearing on the injunction. The former wife and counsel for the former husband were both present at the hearing. The former

husband's counsel did not know the former husband's whereabouts and sought to delay the hearing temporarily, but the trial court immediately declined the request. The trial court asked the former wife if they were divorced and if she still wanted an injunction, which she did. This was the extent of the testimony in support of the injunction. The former husband's counsel's request to present argument on whether an injunction could lie on a threat to kill alone was also denied. The trial court promptly entered a final permanent injunction pursuant to section 741.30, Florida Statutes (2016). The former husband moved for rehearing on the injunction, asserting his tardiness was excusable as it was due to circumstances beyond his control. He further argued the injunction was improperly entered without a sufficient evidentiary basis. The motion for rehearing was denied.

On appeal, the former husband argues he was deprived of due process when the injunction was entered without an opportunity for him to be heard. We agree. "Just as the petitioner has the right to allege and prove the grounds for injunctive protection at a full and fair evidentiary hearing, the respondent is entitled to a fair hearing and protection from the effects of a final judgment of injunction that lacks any evidentiary support." Johns v. Johns, 101 So. 3d 377, 378 (Fla. 1st DCA 2012) (quoting Achurra v. Achurra, 80 So. 3d 1080, 1083 (Fla. 1st DCA 2012)); Parise v. Selph, 175 So. 3d 389 (Fla. 1st DCA 2015). Due process requires that each party have a "reasonable opportunity to prove or disprove the allegations made in the

complaint." Id. at 390 (citing Furry v. Rickles, 68 So. 3d 389, 390 (Fla. 1st DCA 2011)). The trial court's actions here deprived the appellant of any opportunity to address the allegations in the petition. As such, it was error for the trial court to order a final permanent injunction without allowing the appellant the opportunity to be present and heard. See Johns, 101 So. 3d at 378 (reversing a permanent domestic violence injunction for similar reasons and remanding for a full evidentiary hearing); Parise, 175 So. 3d at 390 (reversing and remanding final order granting an injunction for protection against repeat violence where the respondent was not afforded due process).

The former husband also argues the injunction was not supported by a sufficient evidentiary basis. We agree. As the petitioner, the former wife bore the burden of proving the allegations in the petition. The trial court received no evidence and simply asked the former wife if she still wanted an injunction. Her statement that she did was not a sufficient basis for granting the injunction. See Mantell v. Rocke, 179 So. 3d 511 (Fla. 1st DCA 2015) (reversing where no evidence or testimony was introduced by the appellee to support granting the injunction for protection against domestic violence). See also Achurra, 80 So. 3d at 1082 (considering the sufficiency of the evidence for the first time on appeal and reversing where the final judgment was not supported by competent, substantial evidence).

Given the foregoing, we see no need to address the former husband's argument as to whether a threat to kill, without an additional act showing an ability to carry out the threat, was a legally sufficient basis upon which to grant the injunction. We reverse the final injunction and remand for further proceedings consistent with this opinion.

REVERSED and REMANDED.

ROBERTS, MAKAR and JAY, JJ., CONCUR.