DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**THOMAS J. QUINN,**
Appellant,

v.

**CHRISTINA MARIE CALKINS,**
Appellee.

No. 4D22-1318

[February 15, 2023]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Indian River County; Cynthia L. Cox, Judge; L.T. Case No. 312021DR000171.

Jeffrey A. Smith and Ashley Nicole Minton of Minton Law, P.A., Fort Pierce, for appellant.

No appearance for appellee.

KUNTZ, J.

Thomas J. Quinn appeals the circuit court's order extending an injunction for protection against dating violence. We reverse.

Christina Marie Calkins obtained a one-year injunction against Quinn on April 26, 2021. On March 31, 2022, Calkins petitioned for an extension of the injunction. The circuit court held a hearing on the request. At the hearing, Calkins represented herself and testified that her fear of Quinn was heightened because Quinn lost his job after the entry of the initial injunction. After Calkins unsuccessfully attempted to introduce hearsay evidence, the court advised: "[Y]ou need to testify not that [events] happened, but the specific dates, when, where, why, how. I need—you can't just give me a broad allegation that this has happened. I need to have the facts." The court told Calkins not to rehash every detail if her allegations were in the motion to extend the injunction. Calkins confirmed that the allegations were included in her motion. The court then granted an extension of the injunction.

We reverse for two reasons.  First, Calkins failed to introduce evidence supporting her allegations at the hearing.  *Mantell v. Rocke*, 179 So. 3d 511, 512 (Fla. 1st DCA 2015) ("Because no evidence or testimony was introduced by Appellee . . . in support of her petition for an injunction, we are constrained to reverse.").  Second, and related, Calkins' limited testimony did not demonstrate an objectively reasonable fear of imminent dating violence in the future.  *Alderman v. Thomas*, 141 So. 3d 668, 669–71 (Fla. 2d DCA 2014).

For these reasons, we reverse the court's order extending the injunction against dating violence.

*Reversed.*

GROSS and DAMOORGIAN, JJ., concur.

\*　　　\*　　　\*

***Not final until disposition of timely filed motion for rehearing.***