# Third District Court of Appeal

## State of Florida

Opinion filed July 5, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1147
Lower Tribunal No. 19-3115
_____

**Alejandro Videla,**
Appellant,

vs.

**Hitomi Ogino**,
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Jason E. Dimitris, Judge.

Dennis & Dennis, P.A., and J. Robert Dennis, for appellant.

Marro Law, P.A., and Meaghan K. Marro (Plantation), for appellee.

Before FERNANDEZ, HENDON and LOBREE, JJ.

PER CURIAM.

Affirmed. See Jackson v. Echols, 937 So. 2d 1247, 1249 (Fla. 3d DCA

2006) ("The trial court is afforded broad discretion in granting, denying, dissolving, or modifying injunctions, and unless a clear abuse of discretion is demonstrated, an appellate court must not disturb the trial court's decision."); Sheehan v. Sheehan, 853 So. 2d 523, 525 (Fla. 5th DCA 2003) ("[I]n order to obtain an extension of a domestic violence injunction, the moving party must present evidence from which a trial court can determine that a continuing fear exists and that such fear is reasonable, based on all the circumstances."); Patterson v. Simonik, 709 So. 2d 189, 191 (Fla. 3d DCA 1998) ("In deciding whether to extend the injunction, the trial court may consider the circumstances leading to the imposition of the original injunction, as well as subsequent events . . . ."); Malchan v. Howard, 29 So. 3d 453, 454 (Fla. 4th DCA 2010) (stating that in determining whether petitioner has shown reasonable fear of imminent danger of becoming victim of domestic violence trial court must consider history of relationship as whole as well as current behavior).