# FIFTH DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

Case No. 5D2024-2810
LT Case No. 2024-DR-004620-A

_____

IAN DONOVAN BLAKE,

Appellant,

v.

BAYAN FARES,

Appellee.

_____

On appeal from the Circuit Court for Duval County,
Eric Roberson, Judge.

Ian Donovan Blake, Jacksonville, pro se.

No Appearance for Appellee.

March 14, 2025

PER CURIAM.

This is an appeal of a domestic violence injunction. Because the evidence did not support the injunction, we reverse.

Fares petitioned for a domestic violence injunction against Blake based on emails that he sent to multiple classmates in her orthodontics residency program. The messages described Blake's version of the events that led to the couple's pending divorce. Fares alleged that this "harassment" harmed her career and that she missed work for several weeks because of "significant emotional

and mental distress."[1] In response, Blake alleged that it had been months since he last saw Fares, that she was not in danger, and that she filed the petition merely to gain leverage in the divorce case. The court scheduled a hearing without issuing a temporary injunction.

At the start of the hearing, the court explained that "[t]his isn't what an injunction is meant for," and that it was "going to close the case out." After indicating that it would send an order to the parties, the court cautioned Blake that he "might want to stop . . . sending things to and fro." Blake responded that he never threatened violence. This comment led to a dialogue between the court and Blake about Blake's emails. In sum, Blake said that he wanted the recipients to understand his side of the divorce. The court repeatedly characterized the emails as "harassment." Ultimately, based on finding that Blake committed "harassment, plain and simple, that serves no legitimate purpose other than to try to embarrass and shame" Fares, the court issued a two-year domestic violence injunction. The injunction prevents Blake from contacting Fares and her "friends, family, colleagues, [and] classmates." Blake insisted that the matter was "moot" since he had no desire to contact Fares. The court responded, "I'm not sure you're over it. That's why I'm issuing the two-year injunction[.]"

Blake raises three points on appeal. Since we agree with him about the legal insufficiency of the evidence, we need not address the remaining two issues. *See Quinones-Dones v. Mascola*, 290 So. 3d 1029, 1030 (Fla. 5th DCA 2020) ("A domestic violence injunction must be supported by competent substantial evidence and is reviewed for legal sufficiency as opposed to evidentiary weight."). To obtain a domestic violence injunction, the petitioner must be the victim of domestic violence or reasonably believe that he or she

---

[1] Fares also alleged that "[o]ver the last few years," Blake grabbed her arm, scratched her face, and "busted" her lip. However, the hearing contained no mention of these allegations. Therefore, they have no bearing on the validity of the injunction. *See Mantell v. Rocke*, 179 So. 3d 511, 512 (Fla. 1st DCA 2015) (reversing a domestic violence injunction because the petitioner introduced no evidence to support her allegations).

is in imminent danger of becoming a victim of domestic violence. § 741.30(6)(a), Fla. Stat. (2024). Domestic violence is "any assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnapping, false imprisonment, or any criminal offense resulting in physical injury or death of one family or household member by another family or household member." § 741.28(2), Fla. Stat. (2024).

Here, the court issued a domestic violence injunction because it found that Blake harassed Fares. Since harassment—standing alone—is not domestic violence,[2] this finding cannot support a domestic violence injunction. *See id.* §§ 741.28(2), 741.30(6)(a); *see also Douglas v. Douglas*, 252 So. 3d 791, 793 (Fla. 2d DCA 2018) (noting that "general harassment is insufficient" to show domestic violence). And even if it could, Blake's emails to third parties would not qualify as harassment against Fares. *See Scott v. Blum*, 191 So. 3d 502, 503–05 (Fla. 2d DCA 2016) (reversing a cyberstalking injunction—in a case where the respondent sent derogatory emails about the petitioner and the petitioner's family, partners, and former employees to 2200 members of a trade association— reasoning that although the emails were about the petitioner and were potentially damaging to his business and reputation, they were not *directed at* the petitioner as would be required to find harassment).

Because Fares presented no evidence that she was the victim of domestic violence or reasonably believed that she was in imminent danger of becoming a victim of domestic violence, the court erred by issuing a domestic violence injunction. *See* § 741.30(6)(a), Fla. Stat.

REVERSED and REMANDED with instructions to VACATE the injunction.

JAY, SOUD, and PRATT, JJ., concur.

---

[2] Harassment can be an element of stalking, but the court did not find stalking in this case. *See* § 784.048(2), Fla. Stat. (2024).

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____