PER CURIAM.
We affirm the trial court’s denial of appellant’s motion to dissolve a final judgment of injunction for protection against domestic violence. He claims that he did not have notice and opportunity to be heard on the motion, but the record belies this contention. He was given notice of the final hearing, and he was handed a copy of the final judgment in court, for which he signed a receipt.[1] Additionally, appellant argues that the permanent injunction entered pursuant to section 741.30, Florida Statutes, was improper because it was for a period of more than a year. Although at one time there was a statutory provision that limited permanent injunctions to a period of one year, that provision was removed by the legislature in 1997. The current statute as amended provides for an injunction to “remain in effect until modified or dissolved.” § 741.30(6)(c), Fla. Stat. (2010); see also Miguez v. Miguez, 824 So.2d 258 (Fla. 3d *828 DCA 2002). The court did not err in refusing to dissolve the injunction.

Affirmed.

WARNER, TAYLOR and MAY, JJ„ concur.

. To the extent that he is challenging what occurred at the final judgment hearing, he has failed to provide this court with a transcript of the final hearing. See Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150, 1152 (Fla.1979).