PER CURIAM.
 

 Appellant challenges a final judgment of injunction for protection against domestic violence. Although he raises three issues on appeal, we address only whether the hearing on the injunction satisfied due process requirements. Because the trial court entered the injunction without conducting a full evidentiary hearing pursuant to section 741.30(5), Florida Statutes (2010), its actions constitute a due process violation. We reverse and remand for further proceedings.
 

 Parties are entitled to a full hearing prior to the trial court issuing a permanent injunction.
 
 See
 
 § 741.30, Fla. Stat. (2010) (“If it appears to the court that an immediate and present danger of domestic violence exists, the court may grant a temporary injunction ex parte, pending a full hearing ... ”);
 
 see also
 
 Fla. Fam. L.R.P. 12.610(c)(1)(C) (providing that “the court shall conduct a hearing and make a finding of whether domestic violence occurred or whether imminent danger of domestic violence exists”);
 
 Lewis v. Lewis,
 
 689 So.2d 1271, 1273 (Fla. 1st DCA 1997) (“Section 741.30[ ] anticipates a “full hearing” prior to issuing a permanent injunction”). To satisfy due process requirements at an injunction hearing, the parties must have a reasonable opportunity to prove or disprove the allegations made in the complaint.
 
 See Ohrn v. Wright,
 
 963 So.2d 298 (Fla. 5th DCA 2007). This includes allowing relevant testimony of pertinent, noncumulative witnesses who are present and cross-examination of the parties.
 
 See Lewis,
 
 689 So.2d at 1273.
 

 In the instant case, the court began the hearing by informing the parties that they had a limited amount of time to present their cases. The court then conducted all questioning of the parties and virtually all questioning of the other witnesses that testified. The court was aware the attorneys might wish to conduct direct/cross examination as it made two comments dismissing any request based on time constraints. The court also dismissed Appellant’s request for a “quick hearing”; denied his request to present the relevant noncumulative testimony of a pertinent witness; and did not allow him to “object to,” or cross-examine, the opposing party’s expert witness. The latter two requests speak directly to the injunction filed on the child’s behalf. While the court might have remained unconvinced had it heard additional evidence, it still should have provided Appellant the opportunity to fully present his case.
 

 Because Appellant was denied a reasonable opportunity to present his case and because time constraints are not an excuse for a trial court’s failure to conduct a full hearing, we REVERSE and REMAND for a new hearing.
 
 See Ohrn,
 
 963 So.2d at 298 (‘While we are sympathetic to the time constraints faced by busy trial courts, we cannot ignore the dictates of the Florida Statutes or the requirements of fundamental due process concerning the procedures
 
 *391
 
 to be utilized in making critical decisions of this nature”).
 

 HAWKES, CLARK, and RAY, JJ., concur.