BERGER, J.
Mohamed Shaheed Bacchus (Husband) appeals an order dated April 17, 2012, extending a temporary injunction against domestic violence in favor of his estranged wife, Heba Bacchus (Wife). We reverse.
A person may obtain an initial injunction for protection against domestic violence if he or she “is either the victim of domestic violence ... or has reasonable cause to believe that he or she is in imminent danger of becoming the victim of domestic violence ....”§ 741.30(6)(a), Fla. Stat. (2010). The statute authorizing issuance of such an injunction contemplates that the injunction will last indefinitely, *714 unless modified or dissolved.[1] Cox v. Deacon, 82 So.3d 827, 827 (Fla. 4th DCA 2011). The statute states:
The terms of an injunction restraining the respondent under subparagraph (a)l. or ordering other relief under sub-paragraph (a)7. shall remain in effect until modified or dissolved. Either party may move at any time to modify or dissolve the injunction. No specific allegations are required. Such relief may be granted in addition to other civil or criminal remedies.
§ 741.S0(6)(c), Fla. Stat. (emphasis added).
The statute also contains a provision for extending an ex parte injunction upon “good cause shown.” However, as a general rule, it is not to be entered for a period exceeding fifteen days. The statute provides:
(c) Any such ex parte temporary injunction shall be effective for a fixed period not to exceed 15 days. A full hearing, as provided by this section, shall be set for a date no later than the date when the temporary injunction ceases to be effective. The court may grant a continuance of the hearing before or during a hearing for good cause shown by any party, which shall include a continuance to obtain service of process. Any injunction shall be extended if necessary to remain in full force and effect during any period of continuance.
§ 741.30(5)(c), Fla. Stat. (emphasis added). The clear purpose of this statute is to preserve the status quo pending a final evidentiary hearing. It does not contemplate entry of a series of temporary injunctions in lieu of a full hearing on a permanent injunction.
In this case, a temporary injunction for protection against domestic violence was initially entered ex parte against Husband and in favor of Wife on November 28, 2011.[2] In accordance with the statute, a hearing on whether a permanent injunction should be entered was scheduled for December 13, 2011. See § 741.30(5)(c), Fla. Stat. In lieu of a hearing, Husband and Wife agreed to an extension of the injunction for a period of four months, or until April 13, 2012, at which time the injunction would expire.[3] Wife was authorized to request a second extension pri- or to its expiration if there were any further incidents.
Prior to expiration of the temporary injunction, Wife moved for a second extension. After an evidentiary hearing, rather than enter a permanent, indefinite injunction, the trial court extended, for an additional year, the temporary injunction for domestic violence previously entered by stipulation of the parties. The April 17, *715 2012 order made no findings to support the extension, apart from the general finding that there was “a reasonable continuing fear of domestic violence.[4] Oral findings made at the hearing, however, indicate that the extension was based on Husband’s attempts to communicate with Wife through third parties.
Wife’s burden of proof for obtaining a permanent injunction (or an extension of an injunction under the previous statute) required her to prove that she was either the victim of domestic violence or had reasonable cause to believe that she was in imminent danger of becoming a victim of an act of domestic violence. See § 741.30(6)(a), Fla. Stat.; Sheehan v. Sheehan, 853 So.2d 523, 525 (Fla. 5th DCA 2003); see also Giallanza v. Giallanza, 787 So.2d 162, 164 (Fla. 2d DCA 2001). In determining the reasonableness of Wife’s fear, the trial court was not limited to examining the circumstances occurring after the previous injunction was entered. See Patterson v. Simonik, 709 So.2d 189, 190 (Fla. 3d DCA 1998). The trial court could also consider the circumstances that initially led to the imposition of the injunction to determine whether Wife’s continuing fear of future violence was reasonable. Id. at 190; see also § 741.30(6)(b), Fla. Stat.; Sheehan, 853 So.2d at 525 (an extension of a prior injunction for domestic violence required evidence that a continuing fear of domestic violence exists and that fear was reasonable based on all the circumstances); Giallanza, 787 So.2d at 164 (“In attempting to ascertain whether the petitioner’s continuing fear is reasonable, for purposes of issuing injunction against domestic violence, the trial court must consider the current allegations, the parties’ behavior within the relationship, and the history of the relationship as a whole.”). In this case, however, the trial court erroneously limited Wife’s presentation of evidence to events that occurred after December 13, 2011. As a result, it was virtually impossible for Wife to meet her burden. At best, the evidence presented showed Husband had attempted to contact Wife through his uncle and that Wife was afraid Husband would be angry due to the pending divorce.
Evidence that Husband had communicated -with the Wife through third parties is not enough, standing alone, to show a reasonable fear of continuing violence, particularly when the subject of the communications is reconciliation. See Gustafson v. Mauck, 743 So.2d 614, 616 (Fla. 1st DCA 1999) (holding that telephone calls to petitioner from former boyfriend failed to justify reasonable fear of imminent danger of becoming victim of domestic violence, despite parties’ history, when calls ceased at petitioner’s request). Even harassment of the wife through third parties would be insufficient to warrant the imposition or extension of an injunction. Giallanza, 787 So.2d at 164 (stating that indirect harassment of wife by husband, such as by making unfounded calls to HRS and false reports to sheriffs office, would not support finding of objectively reasonable fear of imminent danger due to domestic violence); see also § 741.28, Fla. Stat. (defining “domestic violence” to mean “any assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnapping, false imprisonment, or any criminal offense resulting in physical injury or death of one family or household member by another family or household member.”).
*716 A threat that Husband would kill Wife, rather than permit her to take his children away, would support a finding of a reasonable fear of continuing violence. At the hearing, Wife testified that such a threat was made by Husband to the children and thereafter communicated to her. The children did not testify. Inasmuch as Wife’s testimony contained hearsay not subject to an exception, this evidence could not be considered by the trial court to support extension of the injunction. See, e.g., Pittman v. State, 646 So.2d 167, 171-72 (Fla.1994) (holding witness’s testimony concerning what stepson had told him was inadmissible hearsay); see generally § 90.801(l)(c), Fla. Stat. (2009) (defining hearsay as an out-of-court statement “offered in evidence to prove the truth of the matter asserted”).
Because the current statute does not provide for the issuance of a series of temporary injunctions in lieu of a permanent injunction and because there was insufficient evidence presented at the hearing to support the issuance of a permanent injunction, we reverse. However, because Wife was never given a full hearing on her request for an injunction and was precluded from presenting evidence that would support issuance of an injunction at the hearing on the extension, we remand for a new hearing on a permanent injunction, at which the court can consider the totality of the circumstances, including any incidents occurring prior to December 13, 2011, in determining whether a permanent injunction should be entered. If, after consideration of the factors set forth in section 741.30(b)(6), Florida Statutes, the court determines that wife is either the victim of domestic violence as defined in section 741.28 or has reasonable cause to believe that she is in imminent danger of becoming the victim of any act of domestic violence, it should enter a permanent injunction in her favor, which will continue until modified or dissolved.[5] The temporary ex parte injunction originally entered in this case shall remain in full force and effect pending a full hearing.
REVERSED and REMANDED.
EVANDER, J., concurs.
GRIFFIN, J., concurs in part, dissents in part, with opinion.

.Earlier statutes provided that injunctions were to be granted for a period not to exceed one year and contained an express provision that permitted petitioner to obtain an extension of an injunction. See § 741.30(6)(b), Fla. Stat. (“Any relief granted by the injunction shall be granted for a fixed period not to exceed 1 year, unless upon petition of the victim the court extends the injunction for successive fixed periods not to exceed 1 year-”). This provision was removed from the statutes in 1997. See Ch. 97-155, § 5 at 2976, Laws of Fla.

. Wife’s petition detailed repeated acts of domestic violence. She alleged, in part, that Husband hit her, choked her, twisted her arms, pushed her head into a steering wheel, and beat their children repeatedly. She also alleged Husband threatened to push her down stairs, kill her, shoot her with one of his guns, and kidnap the children.

. On December 13, 2011, the trial court entered two orders: an order of continuance and an order extending the temporary injunction. Both orders indicated the temporary injunction would expire on April 13, 2012, but neither set a date for final hearing.

. The order extending the temporary injunction also relieved Husband of certain miscellaneous payments not at issue here, but failed to relieve him of the obligation to pay Wife’s telephone bill, which the court specifically agreed should be eliminated.

. Husband is entitled, on remand, to entry of an order eliminating his obligation to pay wife’s telephone bills retroactive to the date of the prior order. As written the judgment fails to conform to the oral pronouncement.