BENTON, J.
Matthew Dietz appeals an order extending a temporary injunction for protection against domestic violence, originally entered against him and subsequently extended at the behest of his estranged wife, pursuant to section 741.30, Florida Statutes (2012). We reverse.
Section 741.30(1) authorizes injunctions for protection against domestic violence, and provides that the trial court may grant a temporary injunction ex parte where an immediate and present danger of domestic violence exists. § 741.30(5)(a), Fla. Stat. (2012). “Any such ex parte temporary injunction shall be effective for a fixed period not to exceed 15 days. A full hearing, as provided by this section, shall be set for a date no later than the date when the temporary injunction ceases to be effective.” § 741.30(5)(c), Fla. Stat. (2012). A temporary injunction was entered ex parte against Mr. Dietz on March 27, 2013, and the parties were ordered to appear for a full evidentiary hearing on April 2, 2013.
At the hearing on April 2, 2013, Ms. Dietz stated she had nothing further to add to the narrative in her (presumably verified) petition that had begun the proceedings.[1] Mr. Dietz testified that most of what the petition alleged had not happened. The trial judge also heard testimony from Mr. Dietz’s mother and from his sister, before entering an order continuing the temporary injunction in force for six months. The order recited that the trial judge made “no final determination as to the sufficiency of the evidence presented at the hearing,” and ordered the parties to return on October 1, 2013, for a status conference.[2]
The statute authorizes extending a temporary injunction during a continuance of the evidentiary hearing, but authorizes a continuance only for good cause: “The court may grant a continuance of the hearing before or during a hearing for good cause shown by any party, which shall include a continuance to obtain service of process. Any injunction shall be extended if necessary to remain in full force and effect during any period of continuance.” § 741.30(5)(c), Fla. Stat. (2012). Section 741.30 “does not provide for the issuance of a series of temporary injunctions in lieu of a permanent injunction.” Bacchus v. Bacchus, 108 So.3d 712, 716 (Fla. 5th DCA 2013).
While orders granting continuances are interlocutory and ordinarily non-reviewable, the order continuing the temporary injunction in force is subject to review. See Fla. R.App. P. 9.130(a)(3)B. Extending the temporary injunction is not authorized unless a continuance is authorized. In the present case, neither party requested that the hearing be continued. Nobody asserted below (and nobody asserts on appeal) that good cause for continuing the hearing existed. The trial court simply extended the temporary injunction sua sponte without explanation, and did so after both parties had put on their cases. Without requiring any show *1281 ing of good cause for a continuance and without stating any reason for a continuance, the trial court erred in continuing the matter and extending the temporary injunction.
Reversed and remanded.
PADOVANO and RAY, JJ., concur.

. The appendix, submitted pursuant to Florida Rule of Appellate Procedure 9.130(d), does not contain the petition.

. The online docket for the Madison County Circuit Court indicates the trial judge entered an order on October 2, 2013, again extending the temporary injunction.