PER CURIAM.
Appellant appeals an injunction for protection against domestic violence entered against him on behalf of his granddaughter, C.S. We reverse because the evidence was insufficient to support entry of the injunction.
During a hearing, appellant’s former wife testified that appellant tried to gain entry into the gated community where C.S. lives. She also testified to an incident where C.S. became upset upon seeing appellant in the waiting room at a doctor’s office. C.S.’s mother testified that C.S. cries hysterically in appellant’s presence. The mother explained that they used to live with appellant, and C.S. had seen appellant commit “verbal violence” on multiple occasions. She alleged that appellant is “not well” and refuses to get psychiatric help. The court ultimately granted the injunction, which remained effective until October 13,2013.
An injunction for protection against domestic violence is reviewed for competent substantial evidence. See Stone v. Stone, 128 So.3d 239, 240 (Fla. 4th DCA 2013); Achurra v. Achurra, 80 So.3d 1080, 1083 (Fla. 1st DCA 2012). A domestic violence injunction may be entered in favor of a person who is “either the victim of domestic violence as defined in s. 741.28 or [who] has reasonable cause to believe he or she is in imminent danger of becoming the victim of any act of domestic violence.” § 741.30(l)(a), Fla. Stat. (2012). C.S. was not the victim of any act of domestic violence, and the record does not support a finding that C.S. had reasonable cause to believe she was in imminent danger of becoming the victim of an act of domestic violence. Nor did the trial court make any such finding. Rather, it appears the trial court granted the injunction to support the decision of C.S.’s mother to keep appellant away from C.S. This is not the appropriate standard for granting a domestic violence injunction.
Although the injunction has expired, we reverse and remand “with instructions to vacate the injunction due to the collateral consequences such an injunction might cause.” Stone, 128 So.3d at 242.

Reversed and remanded.

WARNER, MAY and LEVINE, JJ., concur.