PER CURIAM.
Elbert John Nettles III has filed a petition for writ of certiorari seeking review of the trial court’s order granting Respondent, Jennifer Hoyos’s motion for protective order. That order denied Nettles the opportunity to conduct discovery. We grant the petition.
Nettles and Hoyos are both law enforcement officers with the St. Cloud Police Department; Nettles is also a First Sergeant in the Florida Army National Guard. On October 22, 2013, Hoyos filed a petition for a temporary injunction against Nettles for protection against stalking. The trial court granted the temporary injunction and set a hearing date, which was continued to March 5, 2014, per Nettles’s request. When Nettles attempted to engage in discovery prior to the hearing, Hoyos filed a motion for protective order, requesting the court to quash all of Nettles’s discovery requests. In granting the motion, the trial court seems to have been persuaded that section 784.0485(5)(c), Florida Statutes, combined with this Court’s decision in Bacchus v. Bacchus, 108 So.3d 712 (Fla. 5th DCA 2013), required it to conclude that Nettles was not entitled to engage in discovery. We disagree.
Section 784.0485(5)(c), Florida Statutes, provides that a full hearing on an injunction against stalking should be held on or before fifteen days from the entry of the temporary injunction, unless good cause is shown.[1] Recently, we addressed an almost identical provision in the domestic violence injunction statute — section 741.30(5)(c) — in Bacchus, 108 So.3d 712. Bacchus involved a scenario where the trial court, following an evidentiary hearing, extended a temporary injunction for one year instead of ruling on the petitioner’s right to a permanent injunction. We reversed the lower court’s ruling, noting that section 741.30 “does not provide for the issuance of a series of temporary injunctions in lieu of a permanent injunction.” Id. at 716. Because that case involved a completely different factual scenario and procedural posture, and it did not involve discovery, it is distinguishable from the instant case.
Nettles argues that the trial court departed from the essential requirements of law when it entered “a blanket protective order” quashing all discovery. At the heart of this issue lies the tension between section 784.0485(5)(c)’s requirements and the due process rights of a litigant to be prepared for the hearing. Cf. Furry v. Rickles, 68 So.3d 389, 390 (Fla. 1st DCA 2011) (“To satisfy due process requirements at an injunction hearing, the parties must have a reasonable opportunity to prove or disprove the allegations made in the complaint.” (citing Ohrn v. Wright, 963 So.2d 298 (Fla. 5th DCA 2007))). Both are legitimate concerns. Hoyos would like to limit discovery to only that which could be conducted within the fifteen days prior to the return hearing. Nettles, on the other hand, apparently believes that he is entitled to continuances until he completes the full panoply of discovery. Neither position provides a practical solution. The court must balance the need to expedite the hearing and the need to ensure that the *595 parties’ due process rights are not violated. The trial court is imbued with discretion to limit the time frame and nature of discovery in such cases and can do so by examining individual discovery requests on a case by case basis. However, under the particular circumstances of this case, we conclude that the trial court abused its discretion and departed from the essential requirements of law by entering an order that completely quashed Nettles’s right to conduct any discovery.
PETITION GRANTED.
SAWAYA, EVANDER and COHEN, JJ., concur.

. Specifically, that section states:
Any such ex parte temporary injunction is effective for a fixed period not to exceed 15 days. A full hearing, as provided in this section, shall be set for a date no later than the date when the temporary injunction ceases to be effective. The court may grant a continuance of the hearing before or during a hearing for good cause shown by any party, which shall include a continuance to obtain service of process. An injunction shall be extended if necessary to remain in full force and effect during any period of continuance.
§ 784.0485(5)(c), Fla. Stat. (2013) (emphasis added).