EMAS, J.
Maikel Sanchez (“Sanchez”) seeks review of a final judgment of injunction for protection against domestic violence and an order denying his motion for rehearing. For the reasons that follow, we reverse.

FACTS

Sanchez and his aunt, Rosa Marin (“Marin”), were in business together, operating an automobile sales business. When their business relationship soured, Marin filed a civil lawsuit against Sanchez. Thereafter, on November 26, 2012, Marin filed a petition for injunction for protection against domestic violence.[1] In her petition, Marin alleged the following facts as the basis for the injunction:
On November 14, 2012, Sanchez called Marin on the phone and threatened “I will burn all of this” [which Marin interpreted to mean the business]. Marin also alleged that Sanchez “threatened to harm [Marin] and her family.”
On November 20, 2012, when Marin arrived at work, she noticed that the lock to her gate had been tampered with. A few minutes later, she noticed Sanchez driving near the business. Thirty minutes later, Sanchez drove by and shouted “Remember I will burn down your business.”
No other incidents were alleged in the petition, and following the statutorily-prescribed ex parte review of the petition,[2] the trial court denied a temporary injunction, finding there was “no appearance of an immediate and present danger of domestic violence as required pursuant to § 741.30, Florida Statutes.”
The trial court set a final hearing on the petition for a permanent injunction. After several hearings and proceedings not relevant here,[3] the final hearing was scheduled for May 17, 2013.
Consistent with the allegations of her petition, Marin testified that on one occasion, Sanchez called her on the phone and threatened to burn her business down; and on another occasion less than a week later, he drove by her car lot and, from the *1167 inside of his vehicle, again threatened to burn her property. However, before the final hearing commenced, Marin’s counsel told the trial court that there were “some additional subsequent events that are relevant to the proceedings.” Sanchez’s counsel objected to the admission of any evidence regarding these subsequent events, asserting there was no fair or timely notice to Sanchez ¿nd that Sanchez was prejudiced in his ability to prepare for and meet these new allegations at the final hearing. Nonetheless, the court permitted the following additional evidence to be introduced by Marin over the standing objection of Sanchez: Marin testified that, at some point after Sanchez’ verbal threats, a fire had taken place at another car lot owned by her friend, Olga Alvarez. Alvarez and Marin had done business together in the past, and some of the vehicles kept on Alvarez’s lot were owned by Marin’s company.
Olga Alvarez was then called to testify at the hearing. She confirmed that a fire had been set to some cars in her warehouse in January 2013, including a car owned by Marin, and that Sanchez had previously told Alvarez he would rather set fire to the cars then let Marin have them. Alvarez told police she believed Sanchez was involved in the fire, but as of the date of the hearing, Sanchez had not been arrested or charged with any crime related to the fire.
Sanchez testified, and denied threatening to burn Marin’s property or having any involvement in the Alvarez fire.
The trial court entered a permanent injunction, finding that Marin had reasonable cause to believe she was in imminent danger of becoming the victim of domestic violence. Specifically, the court found “that maybe the verbal phone threats don’t rise to the level of issuing an injunction but the fire does. And the fire is what the Court finds to be proof that Mr. Sanchez is capable of acting on the threats....” (Emphasis added).

ANALYSIS

It is axiomatic that a party defending against a claim is entitled to due process, including the right to proper and adequate notice of the allegations which form the basis for the relief sought. To “allow a court to rule on a matter without proper pleadings and notice is violative of a party’s due process rights.” Carroll & Assoc., P.A. v. Galindo, 864 So.2d 24, 29 (Fla. 3d DCA 2003). See also, BAC Home Loans Serv., Inc. v. Headley, 130 So.3d 703 (Fla. 3d DCA 2013).
These fundamental precepts of due process and adequate notice can be found in the statutory scheme at issue. Section 741.130(1), Florida Statutes (2013) “created a cause of action for an injunction for protection against domestic violence.” The ensuing subsections establish the procedures which are to be followed by a petitioner initiating a cause of action and seeking such permanent injunctive relief. Relevant for our purposes, section 741.30(3)(a) provides:
The sworn petition shall allege the existence of such domestic violence and shall include the specific facts and circumstances upon the basis of which relief is sought. (Emphasis added)
Further, section 741.30(6)(b) provides:
In determining whether a petitioner has reasonable cause to believe he or she is in imminent danger of becoming a victim of domestic violence, the court shall consider and evaluate all relevant facts alleged in the petition, including but not limited to.... (Emphasis added)
In the case at bar, the only allegations contained in the petition were two verbal threats made by Sanchez to Marin in November of 2012. Marin made no allegations in her petition (and never sought to *1168 amend her petition to add allegations) that Sanchez set fire to Marin’s property or to property belonging to Olga Alvarez.
The case relied upon by Marin, Bacchus v. Bacchus, 108 So.3d 712 (Fla. 5th DCA 2013), is inapposite. In Bacchus, the wife filed a petition for injunction against domestic violence and a temporary injunction was issued. A final hearing was scheduled fifteen days later, for December 13, 2011. However, on that date the court entered an order, upon the agreement of the parties, extending the temporary injunction for four months. Prior to the expiration of the extended temporary injunction, the wife filed a motion for a second extension of the temporary injunction and the matter was set for a hearing.
After taking testimony, the trial court again extended the temporary injunction, this time for an additional year. The husband appealed and the Fifth District held that section 741.30 does not contemplate the issuance of a series of temporary injunctions in lieu of a permanent injunction. The Fifth District found the trial court erred in extending the temporary injunction, and also found that the evidence presented at the hearing was insufficient to support the issuance of a permanent injunction.
However, instead of ordering dismissal of the petition, the Bacchus court remanded for a new final hearing because of a second error: at the hearing, the trial court prohibited the wife from introducing any evidence regarding events that took place before the December 13, 2011 (the date of the first extension of the temporary injunction), and permitted evidence only of events occurring after that date. The Fifth District held this was error:
In determining the reasonableness of Wife’s fear, the trial court was not limited to examining the circumstances occurring after the previous injunction was entered. The trial court could also consider the circumstances that initially led to the imposition of the injunction to determine whether Wife’s continuing fear of future violence was reasonable.
Bacchus, 108 So.3d at 715 (citation omitted).
This aspect of Bacchus stands for the unremarkable proposition that a trial court is permitted to consider, and a petitioner permitted to introduce, evidence of “the circumstances occurring after the previous injunction was entered.” However, Marin urges that this compels a finding that the trial court in our case committed no error. We disagree. Unlike the instant ease, Bacchus was not set against a backdrop of lack of due process and inadequate notice. There is nothing in the Bacchus opinion to indicate that either party contested the trial court’s consideration of events occurring after temporary injunction was issued. More to the point, there is nothing in Bacchus to indicate whether the petition was amended to include (or the motion for extension of the temporary injunction included allegations of) acts or events occurring after issuance of the temporary injunction; whether the husband had been placed on notice of, and was prepared to defend, these post-temporary injunction events; or whether the husband objected to and properly preserved any such objection for appellate review.

CONCLUSION

Marin raised material allegations for the first time during the final hearing. Marin never sought to amend the petition, or otherwise place Sanchez on notice prior to the hearing, that she would seek to introduce evidence that Sanchez set fire to Marin’s vehicles while those vehicles were stored on a lot belonging to Olga Alvarez. Marin objected that he was not placed on notice that these allegations and this evidence (including testimony from Olga Alvarez regarding the fire) would form a *1169 part of the proof in support of the petition for permanent injunction, and was not prepared to meet or rebut the allegations and evidence. The trial court erred in admitting this evidence over Sanchez’s timely and proper objection. The error was clearly harmful, as the court’s decision to grant the permanent injunction expressly relied, in significant part, on this improperly-admitted evidence.
We therefore reverse and remand with directions to vacate the permanent injunction and for a new final hearing, either upon the existing petition or upon any amended petition that may properly be filed.[4]
Reversed and remanded with directions.

. There is no dispute that Marin and Sanchez are "family members” as defined in section 741.28, Florida Statutes (2013), because they did live together in the past.

. See § 741.30(5)(a), Fla. Stat. (2012).

.What is relevant however, is the fact that, between the date of the denial of the temporary injunction and the date of the final hearing (a period of nearly four months) Marin never amended her petition to add any allegations of intervening acts by Sanchez.

. See § 741.30(5)(b) (“Nothing herein affects a petitioner’s right to promptly amend any petition, or otherwise be heard in person on any petition consistent with the Florida Rules of Civil Procedure.’’). See generally, Fla. R. Civ. P. 1.190.