AMANDA PRYOR, Wife,

     Appellant,

v.

DAVID PRYOR, Husband,

     Appellee.

_____/

IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D13-6070

Opinion filed July 22, 2014.

An appeal from the Circuit Court for Okaloosa County.
John "Jay" Gontarek, Judge.

Travis R. Johnson of Spencer Meador Johnson, PLLC, Pensacola, for Appellant.

David Pryor, pro se, Appellee.

PER CURIAM.

     Amanda Pryor appeals an order extending a temporary injunction for protection against domestic violence which, even as extended, has now expired. We vacate the November 14, 2013 order under review, which extended the

temporary injunction, as well as the temporary injunction itself, and dismiss the appeal. Section 741.30, Florida Statutes (2013), "authorizes extending a temporary injunction during a continuance of the evidentiary hearing, but authorizes a continuance only for good cause: 'The court may grant a continuance of the hearing before or during a hearing for good cause shown by any party, which shall include a continuance to obtain service of process. Any injunction shall be extended if necessary to remain in full force and effect during any period of continuance.' § 741.30(5)(c), Fla. Stat. (201[3])." Dietz v. Dietz, 127 So. 3d 1279, 1280 (Fla. 1st DCA 2013) ("Section 741.30 'does not provide for the issuance of a series of temporary injunctions in lieu of a permanent injunction.'" (citation omitted)).

While "injunctions for protection against domestic violence are an exception to the usual rules of mootness because of the collateral legal consequences that flow from such an injunction," Rodman v. Rodman, 48 So. 3d 1022, 1022 (Fla. 1st DCA 2010), we have vacated both the order under review in the present case and the temporary injunction it purported to extend. See Kunkel v. Stanford ex rel. C.S., 137 So. 3d 608, 609 (Fla. 4th DCA 2014) ("Although the injunction has expired, we reverse and remand 'with instructions to vacate the injunction due to the collateral consequences such an injunction might cause.'" (citation omitted)). See also Garces v. Legarda, 86 So. 3d 602, 607 (Fla. 1st DCA 2012) (noting that

2

vacatur of an order which has become moot pending a decision on appeal "'clears the path for future relitigation of the issues between the parties and eliminates a judgment, review of which was prevented through happenstance'" (quoting United States v. Munsingwear, Inc., 340 U.S. 36, 39-40 (1950))).

Temporary injunction, as extended, vacated; appeal dismissed.

BENTON, CLARK, and OSTERHAUS, JJ., CONCUR.