KELSEY, J.
Appellant argues that the trial judge erred in vacating a predecessor judge’s final order dissolving a domestic violence injunction' against Appellant, and in thereafter pursuing indirect criminal contempt charges against Appellant for not attending a compliance hearing on the previously dissolved injunction! We' agree with Appellant that once the injunction was dissolved — by final order entered on motion of the original petitioner, the mother of the unmarried couple’s two children, after an evidentiary hearing at'which the predecessor judge presided — Appellant was not required to comply with the injunction, and the successor judge was not authorized to reinstate it sua sponte or punish Appellant for not complying with it or attending compliance hearings related to it. Accordingly, we reverse.
The final order of dismissal divested the court of jurisdiction to reinstate the injunction absent motion by a party and proceedings thereon consistent with the parties’ due process rights. As a general rule, “a successor judge may not cor *287 rect errors of law committed by his predecessor and hence he cannot review and reverse on the merits and on the same facts the final orders and decrees of his predecessor.” Groover v. Walker, 88 So.2d 312, 313 (Fla.1956); see also Hewlett v. State, 661 So.2d 112, 115 (Fla. 4th DCA 1995) (“[0]ne circuit court judge cannot reverse the prior order of another circuit court judge”); McLemore v. McLemore, 520 So.2d 637, 638 (Fla. 1st DCA 1988) (citing Groover).[1] An exception to this general rule may arise, allowing a successor judge to modify or reverse a predecessor judge’s order, if “there exists' some special circumstances such as mistake or fraud upon‘the court.” Blitch v. Owens, 519 So.2d 704, 705 (Fla. 2d DCA 1988). In this case, however^ there was no evidence of an error of law, mistake of fact, or fraud.
A petition for a domestic violence injunction is a civil cause of action. § 741.30(1), Fla. Stat. (2015) (“There is created a cause of action for an injunction for protection against domestic violence.”).[2] Either the petitioner or the respondent may move to modify or dissolve a domestic violence injunction at any time. § 741.30(10), Fla. Stat. (2015) (“The petitioner or the respondent may move the court to modify or dissolve an injunction at any time.”); Fla. Fam. L.R.P. 12.610(c)(6) (same). Here, the petitioner who originally sought and obtained the injunction filed a motion to modify it, seeking to dissolve it based on changed facts, which she had the right to do. § 741.30(1), Fla. Stat. (2015).
The procedural status was complicated somewhat because Judge Colaw entered the original permanent injunction, and set a hearing on petitioner’s motion to modify the injunction; but Judge Brasington presided over that evidentiary hearing and entered the final order dissolving, .the injunction. . Before: dissolving the injunction, Judge Brasington questioned the parties carefully to establish that the motion was not the product of coercion or fraud and would not result in further threatened or actual harm to the petitioner or the children. The petitioner demonstrated materially changed facts, which Appellant did not dispute. The testimony showed that the couple were no longer in a relationship, lived apart in two different cities, had no further problems involving domestic violence, and had amicably instituted arrangements, for shared parenting of their two children-.- These were new and undisputed facts. There was no mistake or fraud with respect to whether Appellant *288 had completed a new batterers’ intervention program, because Appellant accurately informed the court that he had not yet done so as to this injunction, but had completed such a program approximately ten years earlier. The evidence was for Judge Brasington to weigh, and was sufficient to support her exercise of discretion to dissolve the injunction. The conditions included in the dissolved permanent injunction order were dissolved with it.
Judge Colaw then became the successor judge when, several weeks after Judge Brasington’s rendition of the final order dissolving the injunction, he became aware that Appellant did not appear at compliance hearings previously set as to the original injunction, which were not cancelled after the injunction was dissolved. Judge Colaw was concerned with making sure Appellant completed the requirements of the original injunction including a batterers’ intervention program and substance abuse evaluation, and he was concerned with protecting the children. While these issues are within the circuit court’s general subject matter jurisdiction and are appropriate concerns when a motion for protection is pending or an injunction remains in effect, neither of those circumstances existed here after rendition of the final order dissolving the injunction.
The fact that one judge enters an injunction does not mean that judge retains exclusive authority over that injunction thereafter. There was no impropriety alleged or shown in Judge Brasington’s presiding over and disposing of the motion to modify the injunction, and the record does not reflect that her ruling was the result of any fraud or any mistake of fact or law. Rather, Judge Colaw disagreed with Judge Brasington’s order dissolving the injunction, which is not a circumstance that conferred jurisdiction on Judge Colaw to vacate that order. The trial court did not have jurisdiction to take any action on the injunction after it had been dissolved and in the absence of any new proceeding instituted by a party. Groover, 88 So.2d at 313; Hewlett, 661 So.2d at 115.
Accordingly, we vacate Judge Colaw’s order vacating Judge Brasington’s order dissolving the injunction. The injunction stands dissolved nunc pro tunc to October 2, 2014, without prejudice to any party’s instituting a new proceeding if such is made necessary on new facts. All subsequent orders inconsistent with the dissolution of the injunction as of that date are vacated.
REVERSED and orders VACATED.
THOMAS and BILBREY, JJ., concur.

. This general rule does not apply to a predecessor judge’s interlocutory rulings. See Booth v. Booth, 91 So.3d 272, 274 n. 1 (Fla. 1st DCA 2012) (“ ‘[P]rior to final judgment, a successor judge has the power to vacate or modify a predecessor's interlocutory rulings, such as an order on a motion for summary judgment.’ ”) (quoting Hull & Co. v. Thomas, 834 So.2d 904, 905 (Fla. 4th DCA 2003)). Another exception, not applicable here, exists under Fla. R. Jud. Admin, 2.330(h), allowing a successor judge to reconsider, vacate, or amend prior factual or legal rulings by-a .disqualified judge, if one of the parties timely moves for reconsideration.

. The parties to a cause of action for a domestic violence injunction have full due process rights. Furry v. Rickles, 68 So.3d 389, 390 (Fla. 1st DCA 2011) (‘‘[T]he parties must have a reasonable opportunity [at the hearing on the petition] to prove or disprove the allegations made in the complaint.”). Those due process rights also confer on the phrties the right to engage in reasonable discovery, which the trial court may not deny, but may regulate within its discretion and in light of the time constraints imposed by the statute and rules. See Nettles v. Hoyos, 138 So.3d 593, 595 (Fla. 5th DCA 2014) (holding in stalking injunction case that ”[t]he trial court is imbued with discretion to limit the time frame and nature of discovery in such cases and can do so by examining individual discovery requests oh a case by case basis.”).