DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MICHAEL VAUGHT,**
Appellant,

v.

**KATHLEEN VAUGHT,**
Appellee.

No. 4D14-3699

[April 20, 2016]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Lisa S. Small, Judge; L.T. Case No. 2014DR007947 MBFD.

Andrew David Stine of Andrew D. Stine, PA, West Palm Beach, for appellant.

Manuel Farach of Richman Greer, P.A., West Palm Beach, for appellee.

CIKLIN, C.J.

Michael Vaught ("the Husband") appeals a domestic violence injunction entered after an evidentiary hearing. He argues that the injunction was entered in violation of due process where the injunction was based on allegations made in an affidavit that was never provided to him, and further, that he had less than three business days of notice of the final hearing. We agree and reverse the final judgment of injunction.

On August 25 and August 26, 2014, Kathleen Vaught ("the Wife"), filed petitions for injunction against domestic violence, alleging that the Husband had stalked her and destroyed personal property belonging to her. In a written order, the trial court found the allegations were not sufficient for entry of a temporary injunction but it advised the Wife that she could supplement her allegations. The court set a hearing on the petition for September 3, 2014.

On August 27, 2014, the Wife filed what she called a supplemental affidavit in support of her petition. In her supplemental affidavit, the

Wife alleged—for the first time—*instances of physical abuse* by the Husband. The face of the supplemental affidavit does not make it apparent that a copy was provided to the Husband.

The next day, the trial court entered the temporary injunction and again scheduled the final hearing for September 3, 2014, a Wednesday. The Husband asserts that he received this notice on August 28, 2014, the previous Thursday.

The parties appeared at the hearing. The Wife was represented by counsel and the Husband proceeded pro se. The Wife testified regarding instances of violence. When the court permitted the Husband to speak and respond, he stated that he "just got served Friday," and he requested the hearing be continued. The court denied the request because the hearing had already begun. The Husband then gave his version of events and claimed he had evidence that would support his version. When the trial court inquired whether the Husband brought the evidence to the hearing, the Husband indicated that he wasn't aware the Wife was going to make the allegations of physical abuse: "No. I didn't think I was gonna really need, I didn't know she was going to come up with all this stuff she's coming with. I thought this was simple. I didn't really prepare for this here."

The trial court entered a final judgment of injunction with an expiration date of December 31, 2015.[1] The Husband moved for rehearing, asserting among other things that "because of the holiday, [he] only had one day to find an attorney."[2] The court denied the motion.

"[A] claim that a party has been denied procedural due process is reviewed de novo." *Residential Mortg. Serv. Corp. v. Winterlakes Prop. Owners Ass'n*, 169 So. 3d 253, 255 (Fla. 4th DCA 2015) (citation omitted). A trial court's denial of a motion for continuance is reviewed for an abuse of discretion, which must be clearly shown. *Krock v. Rozinsky*, 78 So. 3d 38, 41 (Fla. 4th DCA 2012).

Section 741.30, Florida Statutes (2014), provides a cause of action for a domestic violence injunction. The statute provides in pertinent part that "[t]he respondent shall be personally served with a copy of the petition." § 741.30(4), Fla. Stat. The statute also provides that "[t]he

---

[1] The appeal is not moot, "due to the collateral consequences such an injunction might cause." *Selph v. Selph*, 144 So. 3d 676, 679 (Fla. 4th DCA 2014) (citing *Stone v. Stone*, 128 So. 3d 239, 242 (Fla. 4th DCA 2013)).
[2] Monday, September 1, 2014, was Labor Day.

sworn petition shall allege the existence of such domestic violence and shall include the specific facts and circumstances upon the basis of which relief is sought." § 741.30(3)(a). The statute states that "[n]othing herein affects a petitioner's right to promptly amend any petition." § 741.30(5)(b). The trial court may grant a continuance "before or during a hearing for good cause shown by any party, which shall include a continuance to obtain service of process." § 741.30(5)(c). Further, "[a]ny injunction shall be extended if necessary to remain in full force and effect during any period of continuance." *Id.*

The Third District has explained due process in the context of a domestic violence injunction proceeding:

> It is axiomatic that a party defending against a claim is entitled to due process, including the right to proper and adequate notice of the allegations which form the basis for the relief sought. To "allow a court to rule on a matter without proper pleadings and notice is violative of a party's due process rights."

*Sanchez v. Marin,* 138 So. 3d 1165, 1167 (Fla. 3d DCA 2014) (citation omitted).

In *Sanchez,* petitioner's counsel indicated that the petitioner would testify as to matters not raised in the served petition. The respondent objected, arguing that he was prejudiced in his ability to prepare for and respond to the allegations that were not included in the original petition. The court permitted the testimony and entered an injunction based on the new allegations. *Id.* On appeal, the court reversed, observing that the petitioner "raised material allegations for the first time during the final hearing," and that she "never sought to amend the petition, or otherwise place Sanchez on notice prior to the hearing, that she would seek to introduce evidence" of the new allegations. *Id.* at 1168-69.

In another case where a trial court entered a permanent injunction after the petitioner was allowed to testify as to unpled allegations, the appellate court wrote that "the admission and consideration of these significant and substantial—but unpled—allegations deprived [the respondent] of his right to due process, because he was given neither notice of the allegations upon which [the petitioner] sought relief, nor a full and fair opportunity to prepare to meet those allegations." *De Leon v. Collazo,* 178 So. 3d 906, 908-09 (Fla. 3d DCA 2015) (citation omitted).

Procedural due process concerns are also implicated when the notice

of a final hearing is too close in time to the final hearing itself. A trial court errs when it fails to grant a request for a continuance under such circumstances. *See Storm v. Decker*, 971 So. 2d 165, 166 (Fla. 5th DCA 2007) (finding appellant was deprived of due process where the notice of the final hearing was provided only three business days before the final hearing, the trial court would not grant a continuance, and there was no emergency).

In the instant case, while the new allegations were not raised for the first time at the final hearing, they were raised in the supplemental affidavit, a copy of which the record indicates was never provided to the Husband. Notably, the Wife does not respond to the Husband's due process arguments on appeal.[3] Instead, she argues the evidence was sufficient to support entry of a permanent injunction. Additionally, the court erred in denying the motion for continuance where the notice of the final hearing on the new and supplemental allegations was provided only a few business days before the final hearing.[4] Based on the foregoing, we reverse the final judgment of injunction and order that it be set aside.

*Reversed with instructions.*

WARNER and KLINGENSMITH, JJ., concur.

*       *       *

**Not final until disposition of timely filed motion for rehearing.**

---

[3] We recognize that the Husband did not make the most explicit due process argument below. However, in light of the Husband's pro se status and the record as a whole, we find the Husband's attempt to make such an objection was sufficient to preserve the issue for appeal.

[4] The record and the Husband's brief indicate that the Husband received notice of the final hearing on either Thursday, August 27 or Friday, August 28, 2014. The final hearing was held on Wednesday, September 3, 2014. As previously noted, the preceding Monday was a holiday.