# Third District Court of Appeal

**State of Florida**

Opinion filed April 27, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-2735
Lower Tribunal No. 15-26096
_____

**Rashad Whyce,**
Appellant,

vs.

**Albertte Petithome,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Michelle Gonzalez-Paulson, Judge.

Chantale L. Suttle, for appellant.

Albertte Petithome, in proper person.

Before ROTHENBERG, FERNANDEZ and SCALES, JJ.

FERNANDEZ, J.

Rashad Whyce appeals a temporary injunction for protection against domestic violence, issued on October 29, 2015, pursuant to Florida Statute section

741.30. Whyce claims that the subject temporary injunction was issued after a full hearing, but that the trial court decided to simply extend the temporary injunction rather than enter a permanent injunction or decline to issue any injunction at all. The docket sheet contained in the record reflects an entry titled "DV Hearing," dated October 29, 2015; however, there is no transcript of a hearing in the record, nor does the order on appeal reflect that a hearing was held or that findings were made by the trial court.

Because the order on appeal does not comply with the requirements of section 741.30, Florida Statutes, reversal is warranted. The entry of an ex-parte temporary injunction pursuant to section 741.30, Florida Statutes, requires a future hearing date.  See §741.30(5)(c). The order on appeal does not contain a future hearing date, nor does it reflect that it is a good cause continuation of the hearing required by the statute.  A careful review of the order suggests that it was the trial court's intention to simply issue a temporary injunction for a fixed period of time. Nevertheless, section 741.30 "does not provide for the issuance of a series of temporary injunctions in lieu of a permanent injunction." See Dietz v. Dietz, 127 So. 3d 1279 (Fla. 5th DCA 2013) and Bacchus v. Bacchus, 108 So. 3d 712 (Fla. 5th DCA 2013).

Reversed and remanded.