# Third District Court of Appeal

## State of Florida

Opinion filed May 12, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D21-816; 3D21-819
Lower Tribunal No. 19-25665
_____

**Roberto Sanchez, III,**
Appellant,

vs.

**Michelle M. Saenz,**
Appellee.

Appeals from non-final orders from the Circuit Court for Miami-Dade County, Christina Marie DiRaimondo, Judge.

Annesser Armenteros, PLLC, John W. Annesser and Megan Conkey Gonzalez, for appellant.

Billbrough & Marks, P.A., and G. Bart Billbrough, for appellee.

Before LOGUE, SCALES and GORDO, JJ.

GORDO, J.

Roberto Sanchez, III, appeals two nonfinal orders, which extend an ex parte injunction, decline to dissolve said injunction, and continue the final hearing for permanent injunction.[1]  We have jurisdiction.  See Fla. R. App. P. 9.130(a)(3)B.  Sanchez argues Michelle Saenz failed to demonstrate good cause existed to extend the ex parte injunction and the trial court's failure to hold a final hearing on the injunction for nearly a year and a half violates his due process rights.  We agree, reverse and remand.

## RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Sanchez and Saenz were married in December of 2017.  At the time of their marriage, they had 3 children together.  The children are now 10, 7, and 5 years old.  In May of 2019, Saenz commenced divorce proceedings.

Following events not relevant to our analysis here, Sanchez's girlfriend obtained an ex parte injunction against Saenz's live-in boyfriend.  Saenz sought and obtained an ex parte, temporary injunction for protection against domestic violence with minor children against Sanchez on November 22, 2019, pursuant to section 741.30(5)(c).  The ex parte injunction was set to expire on December 10, 2019, on which date the trial court was supposed to hold the final hearing on the petition.  That hearing, however, never took

---

[1] Sanchez also filed a petition for writ of mandamus based on the same underlying facts.  Given our decision on the appeal of the nonfinal orders, we deny his petition as moot.

place. Instead, the ex parte injunction has been extended and the final hearing continued eight times.[2] As a result of the ex parte injunction, Sanchez has not seen his children in over 17 months.

Eventually, the final hearing was scheduled for March 17–19, 2021. On March 15, 2021, Sanchez filed an urgent renewed motion to dissolve the temporary, ex parte injunction. He requested that the trial court either proceed with the final injunction hearing as scheduled or dissolve the ex parte injunction while the parties waited for a final hearing date. On March 16th, the court sua sponte continued the final hearing to June of 2021 and extended the ex parte injunction through June 30, 2021.

On March 18th, the court heard argument on Sanchez's motion to dissolve the ex parte injunction. During that hearing, both parties announced on the record they were ready to proceed to the final injunction hearing. The court denied Sanchez's motion.

## LEGAL ANALYSIS

Section 741.30, Florida Statutes, provides the process for obtaining a domestic violence injunction. That includes temporary, ex parte injunctions.

---

[2] We note the trial judge who entered the orders on appeal here did not enter the prior seven extension and continuation orders. We also note that the record demonstrates an absence of good cause shown in several of those previous extensions.

3

See § 741.30(5)(c), Fla. Stat.  These ex parte injunctions "shall be effective for a fixed period not to exceed 15 days." Id.  A full evidentiary hearing "shall be set for a date no later than the date when the temporary injunction ceases to be effective."[3] Id.

The court may, upon a showing of good cause, extend a domestic violence injunction and continue the corresponding final hearing.  Id.  These extensions, however, should be the exception rather than the rule.  This exceptionalism is evident from the statute's "clear purpose . . . to preserve the status quo pending a final evidentiary hearing."  Bacchus v. Bacchus, 108 So. 3d 712, 714 (Fla. 5th DCA 2013).  The statute "does not contemplate entry of a series of temporary injunctions in lieu of a full hearing on a permanent injunction." Id.

Although Saenz argued to the trial court that it had "complete and unfettered jurisdiction to continue the matter[]," there are statutory limitations on the court's ability and discretion to continue a final hearing and extend a temporary, ex parte injunction.  The plain language of the statute is unequivocal that good cause must be shown prior to any extension and continuance.

---

[3] Section 741.30(4) states that "[u]pon the filing of the petition, the court shall set a hearing to be held at the earliest possible time." Id.

4

At the hearing on the motion to dissolve the ex parte injunction, Sanchez argued that the final hearing had been continued and the ex parte injunction extended for the eighth time, without good cause. He had been ready to proceed with the final hearing on March 17–19, 2021, and asked for dissolution of the ex parte injunction in the time awaiting the future final hearing. The trial court determined that good cause existed to continue the final hearing and extend the injunction because of outstanding discovery issues in related proceedings, which it had found to be "inextricably intertwined" with the final injunction proceedings.

On the record before us, however, we do not find good cause for the continuance and extension. Outstanding discovery in separate, albeit related, proceedings does not constitute a basis for a good cause continuance under these circumstances. Both parties were ready to proceed with the final injunction hearing. Despite her concession at the hearing, Saenz now argues on appeal that the trial court had good cause to extend the ex parte injunction because "the parties, including Sanchez, were not ready for [the] final hearing due to outstanding discovery issues." That assertion is belied by the record.

Sanchez has due process rights regarding the ex parte injunction issued against him that are being violated by the repeated continuations and

5

extensions.[4]  Saenz, too, has a right to present evidence on the allegations raised in her petition.

Through the filing of this opinion, the ex parte injunction has been in place for over 520 days, and the final hearing has not occurred.  Absent any evidence of good cause preceding the trial court's ruling, the trial court erred in extending the ex parte injunction.  Because Saenz "was never given a full hearing on her request for an injunction and was precluded from presenting evidence that would support issuance of an injunction," we remand for the trial court to expeditiously conduct a final injunction hearing pursuant to section 741.30, Florida Statutes.  Bacchus, 108 So. 3d at 716; see also Miller v. Miller, 691 So. 2d 528, 529 (Fla. 4th DCA 1997).  The temporary, ex parte injunction shall remain in full force and effect pending the expedited hearing.

Reversed and remanded.

---

[4] The basic tenets of procedural due process are notice and an opportunity to be heard.  See, e.g., Fuentes v. Shevin, 407 U.S. 67, 80 (1972) (citation omitted).