# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2024-1572
_____

MARY C. SCHMIGEL,

Appellant,

v.

CARSON WADE SCHMIGEL,

Appellee.

_____

No. 1D2024-1597
_____

MARY C. SCHMIGEL,

Appellant,

v.

CARSON WADE SCHMIGEL O/B/O
H.S.,

Appellee.

_____

On appeal from the Circuit Court for Jefferson County.
Dawn Caloca-Johnson, Judge.

March 12, 2025

BILBREY, J.

Mary Schmigel, now known as Mary Kirkland[1], appeals two final injunctions for protection against domestic violence entered against her and in favor of Carson Schmigel and Carson Schmigel on behalf of the parties' minor child, H.S.[2] Appellant challenges the final injunctions on the ground that the trial court violated rule 12.407(a), Florida Family Law Rules of Procedure, by allowing the minor child H.S. to attend the final hearing in both cases and testify without a motion by the petitioner or a pre-trial court order. Appellant argues that she was deprived of due process by the entry of the injunctions because rule 12.407 prohibits a child who is a witness or "related to a family law case" from attending the proceedings "without prior order of the court based on good cause shown." Fla. Fam. L. R. P. 12.407(a). Under the circumstances of this case, we find no violation of Appellant's due process rights and affirm the final judgments.

We review a claim that a party has been denied procedural due process de novo. *Lopez v. Regalado*, 257 So. 3d 550, 554 (Fla. 3d DCA 2018) (quoting *Vaught v. Vaught*, 189 So. 3d 332, 334 (Fla. 4th DCA 2016)). Section 741.30(4), Florida Statutes, concerning domestic violence injunctions, requires personal service of the petition, the notice of the hearing, and, if issued, the temporary injunction before the evidentiary hearing. Florida courts have explained that "it is axiomatic that a party defending against a

---

[1] The parties' final judgment of dissolution of marriage was entered in *Schmigel v. Schmigel*, Case No. 2024 DR 000014 (Fla. 2d Cir. Ct., Jefferson Cnty.). The Second Amended Final Judgment of Dissolution of Marriage restored Mary Schmigel's name to Mary Kirkland.

[2] Although the injunctions expired on February 27, 2025, this appeal is not moot. "Appellate courts routinely consider appeals from expired domestic violence injunctions due to the collateral consequences that can flow therefrom." *Malone v. Malone*, 368 So. 3d 1057, 1058 (Fla. 1st DCA 2023) (citations omitted).

2

[domestic violence] claim is entitled to due process, including the right to proper and adequate notice of the allegations which form the basis for the relief sought." *Lopez*, 257 So. 3d at 555 (alteration in original) (quoting *Sanchez v. Marin*, 138 So. 3d 1165, 1167 (Fla. 3d DCA 2014)).

"To satisfy due process requirements at an injunction hearing, the parties must have a reasonable opportunity to prove or disprove the allegations made in the complaint. . . . This includes allowing relevant testimony of pertinent, noncumulative witnesses who are present and cross-examination of the parties." *Furry v. Rickles*, 68 So. 3d 389, 390 (Fla. 1st DCA 2011) (citations omitted). "Due process requires an opportunity to be heard." *Smith v. Smith*, 964 So. 2d 217, 219 (Fla. 2d DCA 2007) (citations omitted). In *Smith*, the court reversed an injunction against domestic violence where the respondent was denied the opportunity to call witnesses or testify on his own behalf. *Id.*

Appellant's claim here that she was denied due process does not include any failure in providing notice of the allegations against her, notice of the hearing, or a reasonable opportunity to prove or disprove the allegations made in the petitions. Appellant heard H.S.'s testimony and had the opportunity through counsel to cross-examine her. Appellant's due process claim rests solely on the terms of rule 12.407(a), requiring a "prior order of the court" before a minor child may attend a family law proceeding.

The injunctions were entered in separate cases, but the final hearings after notice were held simultaneously in a single court proceeding without objection by Appellant. Appellant's counsel raised the issue of H.S.'s attendance at the hearing and the lack of a "prior order of the court" before any testimony or argument was presented. The court agreed that there was no prior order but stated that it did not "believe a court order is necessary" because H.S. was a party to one of the petitions.[3]

---

[3] Because we hold that Appellant's due process rights were not violated, we do not address whether the trial court was correct in allowing H.S. to attend as a party despite rule 12.407.

The Court Commentary to rule 12.407 for the 1995 adoption of the rule provides:

> This rule is intended to afford additional protection to minor children by avoiding any unnecessary involvement of children in family law litigation. While due process considerations prohibit an absolute ban on child testimony, this rule requires that a judge determine whether a child's testimony is necessary and relevant to issues before the court prior to a child being required to testify.

The Committee Notes for the 2018 amendment to rule 12.407 provide. in part:

> This rule is intended to protect children who may be harmed by unnecessary involvement in family law proceedings. Children who may be harmed by unnecessary involvement include children who may be the subject of the family law case and children who are witnesses, are potential witnesses, or have extensive involvement with the family that is the subject of a current family law case.

The Commentary and Notes specify that rule 12.407 is for the protection and benefit of "minor children" and "children who may be harmed by unnecessary involvement." *See also A.V. v. T.L.L.*, 321 So. 3d 940, 942 (Fla. 2d DCA 2021) (Kelly, J., concurring specially) ("One purpose of the rule is to protect children who may be harmed by unnecessary involvement in family law proceedings."). There is no mention of any benefit or protection of a respondent parent in a proceeding for a domestic violence injunction.

Upon the trial court's inquiry, H.S. informed the court that she was sixteen years old. Appellant's counsel did not argue that H.S. might be harmed in any way by remaining at the hearing. Before her testimony, H.S. told the court she wanted to testify. During her testimony, H.S. told the court that she was a "straight-A honor student" and that she wanted to attend college. The trial court found H.S.'s "testimony and demeanor highly credible" evidence. Appellant did not assert any contemporaneous objection

4

to the admissibility of H.S.'s testimony and there was no motion to continue the hearing.

Because rule 12.407(a) was promulgated to protect minor children who may be harmed by unnecessary involvement in family law proceedings, we find that the rule does not expand the due process rights of a respondent parent defending against a petition for injunction against domestic violence. Because we find no violation of Appellant's due process rights in the trial court's allowing H.S. to attend the hearing and testify without a prior order of the court, the final judgments on appeal are

AFFIRMED.

LEWIS and WINOKUR, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Daniel Clibbon of Legal Services of North Florida, Tallahassee, for Appellant.

Elizabeth A. Romney of The Law Offices of Travis R. Walker, P.A., Stuart, for Appellee; Carson Wade Schmigel, pro se, Appellee.