EMAS, J.
This is an appeal from a final order of permanent injunction for protection against dating violence. For the reasons that follow, we reverse.
On March 2, 2013, Appellee, David Alfred, filed a petition for an injunction for protection against dating violence as to Appellant Michele Schutt. In his petition, Alfred alleged the following:
1. Alfred and Schutt knew each other since 2002 and started dating at that time.
2. The two were involved in an on-and-off physical, romantic relationship that ended when Alfred moved from Kentucky to Florida in May of 2011. Schutt remained in Kentucky.
3. After his move, the two initially had limited communication with each other; however, this changed after Alfred began dating someone else, and Schutt began harassing Alfred.
4. Schutt has stated she does not want Alfred to marry anyone else but her.
5. The specific incidents cited by Alfred in his petition included:
a. On January 27, 2013, Schutt faxed a letter to Alfred’s brother’s girlfriend stating that Alfred “has a bullet with his name on it and so does his bitch Linda [Alfred’s then-current girlfriend];”
b. In August 2012, Schutt mailed a package containing animal feces to Alfred’s workplace while Alfred was out of town;
c. On various dates, Schutt has left voicemails at Alfred’s place of work and has signed up for magazine subscriptions under Alfred’s name and had them delivered to Alfred’s work;
d. In November or December of 2012, Schutt sent a card to Alfred’s sister in Kentucky with a picture of excrement stating, “This is You Next Xmas” and containing another hateful message;
e. On August 13, 2012, Schutt emailed Alfred’s supervisor at work making it appear that it was an email from Alfred to his supervisor.
Significantly, in the petition for permanent injunction, signed and sworn to by Alfred, he was asked the following question and provided the following answer:
Have the Petitioner [Alfred] and Respondent [Schutt] been involved in a dating relationship within the past six months? _ Yes X No
A temporary injunction for protection against dating violence was entered by the trial court, and a final hearing on the petition was held on April 30, 2013. Al *774 though there was extensive testimony presented at that hearing, our decision requires that we include only the following relevant and unrebutted testimony:
Alfred testified that he had no relationship with Schutt and had not been in a dating relationship with her since November of 2011, approximately six months after he moved from Kentucky to Key West.
Schutt testified that she had never been to Key West until she came down for the final hearing in the instant case. She was not in a dating relationship with Alfred and did not want to have any contact with Alfred.
Section 784.046(2), Florida Statutes (2013) provides separate causes of action for an injunction for protection in cases of repeat violence, sexual violence, or dating violence. In the instant case, Alfred filed a petition for protection against dating violence. With respect to dating violence, the statute provides as follows:
(d) “Dating violence” means violence between individuals who have or have had a continuing and significant relationship of a romantic or intimate nature. The existence of such a relationship shall be determined based on the consideration of the following factors:
1. A dating relationship must have existed within the past 6 months;
2. The nature of the relationship must have been characterized by the expectation of affection or sexual involvement between the parties;
and
3. The frequency and type of interaction between the persons involved in the relationship must have included that the persons have been involved over time and on a continuous basis during the course of the relationship.
The term does not include violence in a casual acquaintanceship or violence between individuals who only have engaged in ordinary fraternization in a business or social context.
§ 784.046(1)(d), Fla. Stat. (2013).
Based upon Alfred’s own testimony at the final hearing, as well as his sworn petition, the evidence did not and could not support a finding of dating violence. There was no evidence that a “dating relationship” existed “within the past 6 months” before the petition was filed. Indeed, the unrebutted evidence established that any such relationship ended, at the latest, in December of 2011. The petition was filed in March 2013, more than fifteen months later. Because the statute, by its express terms, requires that a “dating relationship must have existed within the past 6 months,” and there was not competent substantial evidence to support such a finding, we are constrained to reverse and remand with directions to vacate the permanent injunction. We do so, however, without prejudice to Alfred filing a timely and viable petition for injunction for protection against stalking. See § 784.0485, Fla. Stat. (2013).[1]
Reversed and remanded.

. Section 784.0485 created a cause of action for an injunction for protection against stalking. Section 784.048(2) defines “stalking” as "[a] person who willfully, maliciously, and repeatedly follows, harasses, or cyberstalks another person commits the offense of stalking -"
Section 784.048(l)(a) provides:
‘Harass’ means "to engage in a course of conduct directed at a specific person which *775 causes substantial emotional distress to that person and serves no legitimate purpose.” Section 784.048(l)(d) provides:
‘Cyberstalk’ means to engage in a course of conduct to communicate, or to cause to be communicated, words, images, or language by or through the use of electronic mail or electronic communication, directed at a specific person, causing substantial emotional distress to that person and serving no legitimate purpose.