LEVINE, J.
Appellant Abraham Toubail appeals the trial court’s final judgment of injunction for protection against dating violence entered in favor of appellee Kathryn White. Because the evidence failed to establish that White has an objectively reasonable fear of imminent harm as required to support issuance of the injunction, we reverse.
According to the testimony of White, on May 26, 2013, the parties — who had been dating for approximately three months— were at a billiards hall when White made a comment that angered Toubail. He yelled at her and told her they were leaving. Once inside his car, Toubail continued yelling at her and started driving before she could exit. She repeatedly asked him to let her out, but he kept driving recklessly and cursed at her. Once at his house, she went inside and retrieved her cell phone. After she dialed 911, he grabbed her arm and took the phone away. She went across the street and had a neighbor call the police on her behalf. The police did not arrest Toubail for battery, assault, or any other violent crime.
About one week later, White contacted Toubail to exchange personal belongings they had at each other’s separate residences. She met him alone for the exchange, and he did not threaten, assault, or take any physical action against her in any way. Then on June 6, 2013, she obtained an ex parte temporary injunction.
On June 14, 2013, the trial court held a hearing to determine whether the injunction should be extended or made permanent. White testified that she felt she needed the injunction because her friends in law enforcement told her it was “better to be safe than sorry,” and that they “wouldn’t let up” about getting an injunction. White conceded that prior to May 26th, there was no history of violence in their relationship and that since May 26th, Toubail had not threatened, assaulted, or battered her in any way. White never testified to being in fear of Toubail, aside from the incident on May 26th. At the conclusion of the hearing, the court entered a final judgment of injunction for protection against dating violence.
A final judgment of injunction against dating violence is reviewed for competent, substantial evidence. See Schutt v. Alfred, 130 So.3d 772, 774 (Fla. 3d DCA 2014). “[T]he trial court must consider the current allegations, the parties’ behavior within the relationship, and the history of the relationship as a whole.” Gill v. Gill, 50 So.3d 772, 774 (Fla. 2d DCA 2010) (citation omitted). An injunction may be sought by
[a]ny person who is the victim of dating violence and has reasonable cause to believe he or she is in imminent danger of becoming the victim of another act of dating violence, or any person who has reasonable cause to believe he *651 or she is in imminent danger of becoming the victim of an act of dating violence.
§ 784.046(2)(b), Fla. Stat. (2012) (emphasis added).
The critical issue for our consideration is whether there was competent, substantial evidence to support a finding that White was in “imminent danger” of becoming a victim of another act of dating violence or whether there was competent, substantial evidence to support a finding that White had “reasonable cause to believe” she was in imminent danger of becoming a victim of dating violence. We need not address whether there was competent, substantial evidence of an act of “dating violence.”[1]
In this case, there was no testimony of any prior incidents of violence or threats by Toubail. Approximately one week after the incident, White met Toubail to exchange belongings, and he was not violent or threatening in any way. Further, she did not testify that she feared meeting him or was fearful since. When the trial court asked why she decided to petition for an injunction nearly two weeks after the incident, White responded because her friends told her it was “better to be safe than sorry” and they “wouldn’t let up” until she sought the injunction.
White’s testimony lacks any clear indication that she reasonably believed that she was in “imminent danger” of an act of violence, as required by the statute. Thus, in the absence of competent, substantial evidence to meet the requirements of section 784.046, the trial court was not permitted to enter a permanent injunction for protection from dating violence against Toubail under these facts. § 784.046(2)(b), Fla. Stat. (2012); Gill, 50 So.3d at 774. Consequently, we reverse the judgment and remand for the trial court to vacate the injunction.

Reversed and remanded with instructions to vacate the injunction.

MAY and CIKLIN, JJ., concur.

. The trial court found that White was the victim of "kidnapping.” Even if this finding lacked competent, substantial evidence, this court — applying the tipsy coachman doctrine — could find competent, substantial evidence to support a finding that White was the victim of "assault,” "battery,” and/or "false imprisonment.” See § 784.046(l)(a), Fla. Stat. (2012).