IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

VICTOR NUILA,

      Appellant,

v.                                                            Case No.  5D15-2686

CRYSTAL STOLP,

      Appellee.

_____/

Opinion filed April 1, 2016

Appeal from the Circuit Court
for Brevard County,
Kelly J. McKibben, Judge.

Lindsey M. Sharp, Melbourne,
for Appellant.

No Appearance for Appellee.


PER CURIAM.

      Appellant, Victor Nuila, seeks reversal of the one-year injunction against dating violence obtained against him by his former girlfriend, Crystal Stolp ("Appellee"), pursuant to section 784.046(2)(b), Florida Statutes (2015).  An injunction against dating violence would be statutorily authorized in this case if Appellee proved three elements: (1) a dating relationship within the past six months; (2) at least one occasion of dating violence; and (3) reasonable cause to believe that petitioner is in imminent danger of

another act of dating violence. *Id.* We review the judgment for competent substantial evidence proving those three elements. *Toubail v. White*, 141 So. 3d 649, 650 (Fla. 4th DCA 2014) (citing *Schutt v. Alfred*, 130 So. 3d 772, 772 (Fla. 3d DCA 2014)).

As to the first element, both parties testified at the June 25, 2015, hearing that they had been in a dating relationship within the past six months. As to the second element, dating violence, Appellee and Appellant gave conflicting testimony about how Appellant twisted Appellee's arm and gave her a black eye on June 9, 2015, when he went to Appellee's house seeking the last of his personal effects. Appellee testified that Appellant punched her, while Appellant testified that he was acting in self-defense. The trial court found Appellee's testimony more credible. Thus, there was competent substantial evidence that Appellee was the victim of dating violence. We find there was sufficient proof of the first two of three statutory elements required for granting an injunction against dating violence.

Next, we consider what proof was offered as to the third element: reasonable cause to believe that Appellee was in imminent danger of another act of dating violence. As to this element, the trial court considered two email messages that Appellant sent before the act of dating violence. In the emails, Appellant lamented his breakup from Appellee and indicated that once Appellee allowed him to retrieve the rest of his belongings, he would disappear from her life forever. Appellee conceded that she did not consider the messages threatening. In addition to the emails, Appellee testified that her home's swimming pool and air conditioner were vandalized in May 2015. Although she suspected Appellant was responsible, she had no proof. The trial court did not consider the vandalism as support for the third element. There was also no evidence

2

admitted at the hearing to establish that Appellant ever threatened Appellee with physical injury or violence. After the one incident of violence, there was no further contact, attempted contact, communication, or interaction between Appellant and Appellee.

When specifically asked what proof she had that she was in imminent danger of future dating violence, Appellee testified that she was afraid Appellant may try to hurt her again because he hurt her in the aforementioned incident. To obtain an injunction, "[i]t is not sufficient to have been the victim of one incident of dating violence in the past." *Alderman v. Thomas,* 141 So. 3d 668, 669 (Fla. 3d DCA 2014). We find that the third statutory element, reasonable cause to believe that she was in imminent danger of another act of dating violence, was not supported by competent substantial evidence. Therefore, the injunction should not have been entered.

REVERSED AND REMANDED.

ORFINGER, COHEN and EDWARDS JJ., concur.

3