DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**STEVE COOK,**
Appellant,

v.

**STEPHANIE DIANE McMILLAN,**
Appellee.

No. 4D19-3825

[July 8, 2020]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Stefanie C. Moon, Judge; L.T. Case No. DVCE19-005044.

Steve Cook, Fort Lauderdale, pro se, and S. Andrew Foster of The Foster Firm, Cooper City, for appellant.

Jason E. Slatkin of Slatkin & Reynolds, P.A., Fort Lauderdale, for appellee.

KUNTZ, J.

Steve Cook appeals the circuit court's final judgment of injunction for protection against dating violence. We reverse.

### *Background*

Stephanie Diane McMillan petitioned for an injunction for protection against dating violence. In the petition, she indicated that she was a victim of dating violence and had reasonable cause to believe that she was in imminent danger of becoming a victim of another act of dating violence.

She alleged that when she attempted to leave Cook's house one evening, he grabbed her arm and told her, "You aren't going anywhere." When she went outside, he pulled her bags away from her, causing her to fall on her back, and he put his hands around her neck. Finally, she alleged that, the next day, he sent her harassing emails. But McMillan did not include the content of any of the allegedly threatening emails in her petition.

At an evidentiary hearing, she testified that she was at Cook's house talking about "rekindling [their] relationship." She had one glass of wine and, during dinner, she asked why Cook was receiving so many text messages. When he allegedly responded that it was none of her business, she decided to leave.

When she began to leave, Cook asked her to stay the night. After she refused, he became more upset and lashed out. He allegedly grabbed her bag and caused her to fall.[1] She stated that she made it out of the house, but Cook followed. He grabbed her again, causing her to fall on her back. He then straddled her and put his hands around her throat, and a struggle ensued. At that point, she testified, a neighbor turned a light on, and Cook returned to his house.

McMillan stated that she went to a neighbor's house and asked to use his cell phone to call 911. She called 911, but the call disconnected. At that time, Cook threw her keys and phone into her car and returned to his house. McMillan went to her car and drove to the Plantation Police Department where an officer escorted her home. The following day, she reported the incident to the Fort Lauderdale Police Department. Lastly, during the incident, she suffered a bruise and scratch on her right thigh.

After the incident, Cook emailed McMillan at her work email address and her personal email address and also sent her text messages. In the emails, Cook stated that McMillan was acting crazy and belligerently and got drunk; she embarrassed him in front of his neighbors; the relationship was over; and she should not contact him again. McMillan testified that she did not solicit the communications and did not respond to them. On cross-examination, McMillan conceded that none of the communications contained threats of physical violence or threats of any kind.

Cook also testified. He stated that he took McMillan's keys to prevent her from driving drunk. And he sent the emails and text messages the following days to completely end the relationship. He testified that he sent messages through the various platforms because, in the past, he and McMillan would block each other when they got into an argument, and he wanted to make sure she received the messages. He denied threatening her and said he would never cause her harm. Finally, on cross-examination, he acknowledged that he told his neighbors not to worry about McMillan because she was intoxicated.

---

[1] On cross-examination, McMillan acknowledged that she had not previously included the fall inside the house in the allegations of her petition.

2

The court entered a final judgment of injunction for protection against dating violence, lasting for two years.

### *Analysis*

Cook raises two arguments on appeal. First, he argues that the record does not support the court's conclusion that McMillan was in imminent danger of becoming the victim of a future act of dating violence. Second, he argues the court erred when it denied his motion to dismiss McMillan's petition. In his motion, he argued the petition failed to state a claim under the statute and that the court erred in looking beyond the four corners of the petition in determining whether McMillan stated a claim. We agree with both arguments and reverse.

### i. *The Statute Requires the Petitioner to Establish Reasonable Fear of Imminent Future Violence*

The relevant portion of the dating-violence statute has two elements:

> Any person who is the victim of dating violence **and** has reasonable cause to believe he or she is in imminent danger of becoming the victim of another act of dating violence . . . has standing in the circuit court to file a sworn petition for an injunction for protection against dating violence.

§ 784.046(2)(b), Fla. Stat. (2019) (emphasis added). Based on the statute, "[i]t is not sufficient to have been the victim of one incident of dating violence in the past." *Alderman v. Thomas*, 141 So. 3d 668, 669 (Fla. 2d DCA 2014) (footnote omitted); *see also Schultz v. Moore*, 282 So. 3d 152, 153 (Fla. 5th DCA 2019) ("[D]ating violence injunctions must be predicated on the reasonable prospect of a future violent act.").

Only the second element is at issue: Did McMillan allege and prove that there was a reasonable prospect of a future violent act? Importantly, she was required to present competent, substantial evidence in support of each element of the injunction, including that there was a reasonable prospect of a future violent act. *See Schultz*, 282 So. 3d at 154 (citing *Nuila v. Stolp*, 188 So. 3d 105, 106 (Fla. 5th DCA 2016)).

Although the circuit court has broad discretion in entering the injunction, *id.*, we agree with Cook that the evidence was insufficient to conclude that McMillan was in fear of another act of dating violence. The evidence included communications from Cook attempting to end the

relationship. But there was no evidence that Cook threatened McMillan or that he approached her.

In fact, McMillan testified that the communications did not include threats of violence. And in her brief on appeal, she concedes that, "standing alone," the communications *might* not be enough to support the injunction. But, she argues, when coupled with the incident at Cook's house, they do.

McMillan cannot use the incident at Cook's house as the basis for establishing she has a fear of imminent *future* violence. *See Di Stefano v. Long,* 279 So. 3d 758, 759 (Fla. 2d DCA 2019) ("[R]egardless of whether the petitioner has been the victim of dating violence in the past, the petitioner must show that he or she has reasonable cause to believe that he or she is in imminent danger of becoming the victim of an act of dating violence *in the future.*" (citation omitted)). The statute requires more.[2]

McMillan failed to establish a reasonable basis for the fear of imminent future violence. As a result, the court erred when it entered the injunction.

### ii. The Petition Did Not Sufficiently Allege a Reasonable Fear of Imminent Danger

A sworn petition for injunction against dating violence must allege the incidents of dating violence and must include "the specific facts and circumstances that form the basis upon which relief is sought." § 784.046(4)(a), Fla. Stat. (2019). A respondent's due-process rights are violated when the court rules on matters that were not pleaded in the petition. *See Vaught v. Vaught,* 189 So. 3d 332, 334 (Fla. 4th DCA 2016) (quoting *Sanchez v. Marin,* 138 So. 3d 1165, 1167 (Fla. 3d DCA 2014)).

Cook moved to dismiss the petition, arguing that it did not include any allegations supporting McMillan's objectively reasonable belief of becoming the victim of an imminent act of dating violence. He argued the petition did not allege that he made any threats to McMillan or had any contact with her after the incident at his house.

The court denied the motion to dismiss, citing *Alderman v. Thomas,* 141 So. 3d 668 (Fla. 2d DCA 2014). The court ruled that it was going to give

---

[2] In contrast, injunctions for protection against repeat violence and sexual violence under section 784.046(2)(a), (c), Florida Statutes, and injunctions for protection against stalking under section 784.0485, Florida Statutes, do not require the prospect of a future act of violence. *Schultz,* 282 So. 3d at 153.

McMillan the opportunity to present evidence on the harassing emails "to support her contention that there is a fear of imminent danger."

This ruling explicitly indicates the court went beyond the four corners of the petition to satisfy the statute. *Cf. Albert Props., Inc. v. Vizcaya at Palm-Aire Ass'n*, 841 So. 2d 674, 675 (Fla. 4th DCA 2003) (holding that "the trial court impermissibly looked beyond the four corners of the complaint" in dismissing it). That was error because the petition neither included the communications nor alleged that the communications caused McMillan to be in fear of imminent danger.

### Conclusion

The circuit court's injunction is reversed, and the case is remanded with instructions to dismiss the petition.

*Reversed and remanded.*

LEVINE, C.J., and DAMOORGIAN, J., concur.

\*    \*    \*

**Not final until disposition of timely filed motion for rehearing.**

5